[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 04-13220
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 17, 2005
THOMAS K. KAHN
CLERK

Agency No. A78-351-923

QUIPING GAO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(June 17, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Quiping Gao petitions for review of the Board of Immigration Appeals' order affirming the immigration judge's denial of her motion to reopen her petition for asylum and withholding of removal. Gao asserts that the BIA erred by not finding that her petition for asylum was due to be reopened because of her former counsel's ineffective assistance.

On June 21, 2002, after failing to attend her removal hearing, Gao was ordered removed from the United States in abstentia. In September 2002, she moved to reopen her removal proceedings, claiming that her failure to appear was excusable due to exceptional circumstances. See 8 U.S.C. § 1229a(b)(5)(C). Gao asserted that her previous counsel's ineffective assistance constituted exceptional circumstances. The IJ found that Gao failed to establish the elements necessary for a successful motion to reopen based on an ineffective assistance of counsel claim, as those elements are described in Matter of Lozada, 19 I. & N. Dec. 637 (BIA 1988). The IJ further found that, even if the Lozada requirements had been met, the factual discrepancies between Gao's asylum application, which she signed as true and correct, and her motion to reopen weigh against granting her motion to reopen. The BIA affirmed the IJ's decision without opinion.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. Gbaya v. U.S. Attorney Gen., 342 F.3d 1219, 1220 (11th Cir. 2003).

2

In Lozado, the BIA set out three procedural requirements for a motion to reopen based on a claim of ineffective assistance of counsel: (1) the motion must be supported by "an affidavit of the allegedly aggrieved respondent attesting to the relevant facts, [including] a statement that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the respondent in this regard"; (2) "former counsel must be informed of the allegations and allowed the opportunity to respond"; and (3) "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not." Lozada, 19 I. & N. Dec. at 639. This Court requires "substantial, if not exact, compliance with the procedural requirements of Lozada." Dakane v. U.S. Attorney Gen., 371 F.3d 771, 775 (11th Cir. 2004).

As noted by the IJ, Gao has presented no evidence, other than her bare assertions, that her former counsel has been given an opportunity to respond to her allegations. As a result, she has failed to establish the second Lozada requirement. Furthermore, after discovering that her former attorney was not a member of the Georgia Bar, Gao did not make any other inquiries to determine the appropriate disciplinary authority to file a complaint with. By not looking beyond the Georgia Bar, Gao has arguably failed to meet the third Lozada requirement. In any event, Gao's actions did not constitute "substantial, if not exact, compliance" with

3

Lozada.  Id.

Based on the foregoing, we cannot say that the BIA abused its discretion in denying Gao's motion to reopen her removal proceedings.

PETITION DENIED.