[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2005
THOMAS K. KAHN
CLERK

No. 05-10587
Non-Argument Calendar
_____

Agency No. A77-318-249

EJAZ AHMED SHAH,

Petitioner-Appellant,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(September 14, 2005)**

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Ejaz Ahmed Shah petitions for review of the Board of Immigration

Appeals's ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his

motion for a continuance and the BIA's denial of his motion for reconsideration.

We affirm the BIA's decisions for the reasons set forth below.

I.

Shah, a native and citizen of Pakistan, arrived at Los Angeles International

Airport on July 4, 2000, without valid entry documents. He applied for admission

to the United States and was paroled into the country based on a credible threat of

persecution. The Immigration and Naturalization Service ("INS")[1] filed a Notice

to Appear on July 19, 2000, charging Shah as an arriving alien removable for

failure to possess valid entry documents. INA § 212(a)(7)(A)(i)(I), 8 U.S.C.

§ 1182(a)(7)(A)(i)(I). At a hearing before an IJ on March 29, 2001, Shah admitted

the allegations of fact contained in the Notice to Appear and conceded

removability. Initially, Shah requested relief from removal by filing an

Application for Asylum and Withholding of Removal and an application for

withholding of removal under the Convention Against Torture.

During the course of his removal proceedings, Shah married a United States

---

[1]On November 25, 2002, President Bush signed into law the Homeland Security Act of 2002 ("HSA"), Pub. L. No. 107-296, 116 Stat. 2125. The HSA created a new Department of Homeland Security, abolished the INS, and transferred its functions to the new department. Because this case commenced while the INS was still in existence, we refer to the INS rather than the DHS.

citizen on February 20, 2002, and subsequently filed an I-130 Petition for Alien Relative. At a hearing before an IJ on January 9, 2003, Shah withdrew with prejudice his request for asylum, withholding of removal, and protection under the Convention Against Torture, and instead, he moved for a continuance based on the pending I-130 petition. The IJ denied the motion for continuance, noting that he did not have the authority to adjudicate either the I-130 petition or the application for adjustment of status, and ordered Shah's removal.

Shah appealed the decision to the BIA. Although he conceded that the IJ lacked the authority to adjust his status, Shah maintained that the IJ abused its discretion by denying the motion without considering his evidence that the marriage was bona fide, arguing that he satisfied the criteria outlined in *Matter of Velarde*, 23 I. & N. Dec. 253 (BIA 2002). The BIA remanded the case to the IJ to prepare a separate oral or written order. After the IJ issued a written opinion, the BIA affirmed without opinion on August 12, 2004, making the IJ's decision the final agency determination.

On September 13, 2004, Shah moved the BIA for reconsideration. In his motion, Shah asserted that the BIA's decision in *Matter of Velarde* should control, that the BIA erred by summarily affirming the IJ's decision, and that the BIA erred by affirming the decision by a single panel member. The BIA denied the motion

3

on January 6, 2005.  On February 3, 2005, Shah filed the instant petition for review.

II.

As an initial matter, we must determine which issues are properly before us for review.  For the following reasons, we conclude that the only issue before us is the BIA's denial of the motion for reconsideration.

Under section 242(a)(1) and (b)(1) of the Immigration and Nationality Act, a petitioner has thirty days from the date of the final order of removal to file a petition for review with this court.  8 U.S.C. § 1252(a)(1), (b)(1).  "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." *Dakane v. U.S. Attorney Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2004) (citing *Stone v. INS*, 514 U.S. 386, 405 (1995)).  Here, the BIA affirmed the IJ's order of removal on August 12, 2004, making it a final order. *See* 8 C.F.R. § 1003.1(e)(4).  Shah did not petition for review of that order, but instead filed a motion for reconsideration on September 13, 2004.  It was not until the BIA denied the motion on January 6, 2005, that Shah filed his petition for review by this court on February 3, 2005.  Shah, therefore, failed to meet the deadline specified by statute, having filed his petition for review approximately six months after the final order of removal was

4

entered.

Moreover, the filing deadline is not suspended or tolled by Shah's timely motion for reconsideration. *Stone*, 514 U.S. at 395; *Dakane*, 399 F.3d at 1272. Thus, this court lacks jurisdiction to review the underlying order of removal and the denial of Shah's motion for a continuance. The only issue before this panel is the denial of the motion for reconsideration.

III.

We review the BIA's denial of a motion for reconsideration for abuse of discretion. *Assa'ad v. U.S. Attorney Gen.*, 332 F.3d 1321, 1341 (11th Cir. 2003), *cert. denied*, 125 S. Ct. 138 (2004). Motions for reconsideration are disfavored in removal proceedings. *INS v. Doherty*, 502 U.S. 314, 323 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States"). Further, it is clear that the decision to grant a motion for reconsideration lies firmly within the discretion of the BIA. 8 C.F.R. § 1003.2(a).

Here, the BIA did not abuse its discretion by denying the motion for reconsideration. First, petitioner's claim that the case should not have been summarily affirmed by a single board member is barred by 8 C.F.R.

5

§ 1003.2(b)(3). Second, Shah's argument that *Matter of Velarde* was improperly distinguished by the IJ does not justify reconsideration. Petitioner failed to show how the BIA misapplied the law on this ground.

Finally, we lack jurisdiction to consider petitioner's argument that 8 C.F.R. § 245.1(c)(8) is invalid as inconsistent with 8 U.S.C. § 1255(a). Although Shah repeatedly conceded that the IJ lacked authority to adjust his status, he challenges for the first time in this appeal whether the Attorney General exceeded his statutory authority in promulgating 8 C.F.R. § 245.1(c)(8), which exempts arriving aliens in removal proceedings from eligibility for status adjustment. In fact, the first time that this regulation was mentioned during the course of these proceedings was in petitioner's brief to this court. Because petitioner failed to preserve this argument, we lack jurisdiction to entertain it. *See* 8 U.S.C. § 1252(d)(1); *Adefemi v. Ashcroft*, 386 F.3d 1022, 1031 n.13 (11th Cir. 2004) (en banc) (finding no jurisdiction to review claim arguing a right to discretionary relief under INA § 245(a) because petitioner failed to make the argument in the administrative forum); *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1285 n.14 (11th Cir. 2001) (refusing to consider argument that petitioners were entitled to asylum as "refugees sur place" because they failed to satisfy the exhaustion requirement).

Accordingly, we DENY the petition.