[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 2, 2006
THOMAS K. KAHN
CLERK

No. 05-13798
Non-Argument Calendar
_____

Agency No. A95-543-336

LUIS A. GUTIERREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 2, 2006)**

Before CARNES, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Luis A. Gutierrez seeks review of the final order by the Board of

Immigration Appeals ("BIA") affirming the decision of the immigration judge ("IJ"), which denied his petition for asylum, withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention on Torture, etc. ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c). After review, we dismiss the petition for review for lack of jurisdiction to the extent it seeks review of the BIA's April 14, 2005 final order. We deny the petition to the extent it seeks review of the BIA's June 15, 2005 order denying Gutierrez's motion for reconsideration.

## I. BACKGROUND

Gutierrez, a native and citizen of Colombia, was admitted to the United States on March 11, 2001, as a non-immigrant visitor and was authorized to stay until September 10, 2001. Gutierrez remained in the United States past that date and, on May 6, 2002, filed an application for asylum and withholding of removal. The Immigration and Naturalization Service issued a Notice to Appear, charging Gutierrez with removability.

After an asylum hearing, the IJ denied Gutierrez all relief and ordered his removal. The IJ determined that Gutierrez's asylum claim was time-barred because he had not filed his asylum application within one year after he had entered the United States, as required by INA § 208(a)(2)(D), 8 U.S.C. §

2

1158(a)(2)(B), and had failed to show exceptional circumstances to excuse his delay. Alternatively, the IJ found that Gutierrez did not meet his burden of proof to show eligibility for asylum, withholding of removal or CAT relief.

Gutierrez appealed the IJ's order of removal to the BIA. On April 14, 2005, the BIA adopted and affirmed the IJ's decision and dismissed Gutierrez's appeal. On April 25, 2005, Gutierrez filed a motion for reconsideration, which the BIA denied on June 15, 2005. Gutierrez filed his petition for review with this Court on July 11, 2005. The government moved to dismiss this appeal for lack of jurisdiction, arguing that Gutierrez's petition for review is untimely.

## II. DISCUSSION

**A.    April 14, 2005 Final Order**

A petitioner must file a petition for review with this Court within thirty days after the date of the final order of removal. 8 U.S.C. § 1252(b)(1). "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling." Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)). The finality of a removal order is not affected by the filing of a motion to reconsider. Stone, 514 U.S. at 405, 115 S. Ct. at 1549.

3

Here, the BIA's April 14, 2005 order, affirming the IJ's decision and dismissing Gutierrez's appeal, was a final order of removal. See 8 C.F.R. § 1241.1(a). Gutierrez filed his petition for review on July 11, 2005, more than thirty days after the BIA's April 14, 2005 final order. Thus, we lack jurisdiction to review the April 14, 2005 final order.

**B.      June 15, 2005 Order Denying Motion for Reconsideration**

Because Gutierrez's petition for review was filed within thirty days of the BIA's June 15, 2005 order denying his motion for reconsideration, we have jurisdiction to review that order. We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. United States Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). However, when an argument is not raised in the initial brief before this Court, the argument is deemed abandoned on appeal. Mendoza v. United States Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

Gutierrez does not challenge the denial of his motion for reconsideration in his appeal brief. Instead, his arguments focus on his underlying asylum and withholding of removal claims and the merits of the BIA's April 14, 2005 order. Therefore, Gutierrez has abandoned his claim with regard to the BIA's June 15, 2005 order denying his motion for reconsideration.

For the above stated reasons, we dismiss the petition as it relates to the April

4

14, 2005 order affirming the IJ's order of removal and deny the petition as it relates to the June 15, 2005 order denying Guitierrez's motion for reconsideration.

**DISMISSED IN PART, DENIED IN PART.**