[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 17, 2006
THOMAS K. KAHN
CLERK

----------------------------------------
No. 05-10309
Non-Argument Calendar
----------------------------------------

Agency Nos. A95-241-800
and A95-241-801

CARLOS SANTIAGO SANCHEZ,
GLORIA BADILLO,
DAVID SANTIAGO SANCHEZ-BADILLO,
DIANA SOFIA SANCHEZ-BADILLO,
JUAN DIEGO SANCHEZ-BADILLO,
GLORIA DANIELA SANCHEZ-BADILLO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

----------------------------------------------
Petition for Review of a Decision of the
Board of Immigration Appeals
----------------------------------------------

**(March 17, 2006)**

Before EDMONDSON, Chief Judge, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Petitioner Sanchez, a citizen of Columbia, appeals the decision of the Board of Immigration Appeals ("BIA") to deny his motion to reopen his case based on ineffective assistance of counsel. The denial of Sanchez's petition for asylum and withholding of removal was affirmed by the BIA on 26 March 2004 and was not timely appealed to this Court. On 21 June 2004, Sanchez moved to reopen his case after discovering that the law license of his former attorney, Pizzini-Arnott, a member of the Puerto Rican bar, had been suspended indefinitely months before Pizzini-Arnott represented Sanchez in his asylum hearing and appeal. Sanchez claims he was materially prejudiced by Pizzini-Arnott's failure to do these things: advise Sanchez that Pizzini-Arnott's law license had been suspended, attend scheduled meetings and return phone calls, prepare Sanchez for his hearing before the Immigration Judge ("IJ"), and submit valuable evidence of torture suffered by Sanchez and his family.

We review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1220 (11th Cir. 2003). A petitioner claiming ineffective assistance of counsel in a motion to reopen must show prejudice and substantial compliance with the procedural requirements set forth in Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). See

2

Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1274 (11th Cir. 2005).  The BIA

concluded that Sanchez satisfied the Lozada requirements but failed to show

prejudice.  "Prejudice exists when the performance of counsel is so inadequate that

there is a reasonable probability that but for the attorney's error, the outcome of the

proceedings would have been different." Id.

The BIA did not abuse its discretion in concluding that Sanchez has failed

to show he was prejudiced by his attorney's representation.  Pizzini-Arnott filed

many documents in support of Sanchez's asylum application, participated in the

evidentiary hearing before the IJ, and filed a timely appeal to the BIA with a 21-

page brief.  During the evidentiary hearing, Sanchez was questioned extensively

about his encounters with guerillas, but Sanchez never mentioned any physical

harm. Although Sanchez claims that his attorney omitted valuable evidence of

torture, he has not identified what new facts or evidence he would offer if his case

were reopened, as required by 8 U.S.C. § 1229a(c)(6)(B).  It is also not clear that

additional testimony regarding torture would have affected the outcome of

Sanchez's case, because the IJ concluded that Sanchez's testimony and

documentary evidence were not sufficiently consistent or believable to provide a

plausible basis for fear of execution.  See Dakane, 399 F.3d at 1275 (noting that

3

attorney's failure to file appeal brief was not prejudicial where IJ's decision was based on an adverse credibility finding).  The judgment of the BIA is AFFIRMED.