[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 05, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16089
Non-Argument Calendar

_____

Agency No. A28-539-525

MIRZA ARSHAD BAIG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(July 5, 2006)**

Before DUBINA, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Mirza Arshad Baig petitions, pro se, for review of the Board of Immigration

Appeals' ("BIA") order denying his claims of ineffective assistance of counsel.

This petition originated as a § 2241 habeas petition filed in a district court that was then transferred under § 106(c) of the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, to this Court.

In this case, there is no dispute that Baig is an alien who is removable based on his conviction of an aggravated felony, thus we do not have jurisdiction to review Baig's order of removal. However, we do have jurisdiction to review his petition to the extent that it raises questions of law or constitutional claims. See 8 U.S.C. § 1252(a)(2)(D). Baig makes the constitutional argument that he received ineffective assistance of counsel. Accordingly, we have jurisdiction to review Baig's petition as to this claim. And to the extent that the BIA based its decision on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). As for the BIA's factual findings, we review them under the substantial-evidence test and "must affirm . . . if [the findings are] supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar v. Ashcroft, 257 F.3d 1262, 1283-84 (11th Cir. 2001). (quotation omitted).

In civil removal proceedings, an alien is not entitled to a Sixth Amendment right to counsel, but has the constitutional right under the Fifth Amendment Due Process Clause to a fundamentally fair hearing and to effective assistance of

counsel where counsel has been obtained. Dakane v. U.S. Att'y Gen., 399 F.3d

1269, 1273-74 (11th Cir. 2005). In Matter of Lozada, the BIA addressed the claim

of ineffective counsel in the context of a motion to reopen, finding that it required:

> (1) that the motion be supported by an affidavit of the allegedly
> aggrieved respondent setting forth in detail the agreement that was
> entered into with counsel with respect to the actions to be taken and
> what representations counsel did or did not make to the respondent in
> this regard, (2) that counsel whose integrity or competence is being
> impugned be informed of the allegations leveled against him and be
> given an opportunity to respond, and (3) that the motion reflect
> whether a complaint has been filed with appropriate disciplinary
> authorities with respect to any violation of counsel's ethical or legal
> responsibilities, and if not, why not.

19 I.&N. Dec. 637, 639 (BIA 1988). In addition to meeting the above

requirements, and alien must also show prejudice. Dakane, 399 F.3d at 1274.

"Prejudice exists when the performance of counsel is so inadequate that there is a

reasonable probability that but for the attorney's error, the outcome of the

proceedings would have been different." Id.

In this case, the BIA found that Baig satisfied the Matter of Lozada test and

the government does not dispute this finding. Thus, the only issue is whether Baig

suffered any prejudice as a result of his counsel's alleged ineffectiveness. The BIA

made the factual finding that Baig had a 1995 conviction for possession of cocaine

and a 2003 conviction for the purchase and possession of 20 grams or less of

cannabis. The record contains substantial evidence that supports the BIA's finding

3

that Baig had two drug convictions.

In so far as Baig argues that his counsel should have challenged the legal finding that these two convictions qualified as aggravated felonies, his argument is without merit. Under the INA, an "aggravated felony" includes any drug trafficking crime as defined by 18 U.S.C. § 924(c). See 8 U.S.C. § 1101(a)(43)(B). Section 924(c)(2) in turn defines "drug trafficking crime" to mean "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.)" ("CSA"). The CSA defines "felony" as "any Federal or State offense classified by applicable Federal or State law as a felony." 21 U.S.C. § 802(13). Baig's cocaine-purchase offense was a felony under Florida law. Fla. Stat. §§ 893.03(2)(a)(4) and 893.13(2)(a)(1). Additionally, the purchase of cannabis is a felony under Florida law. Fla. Stat. §§ 893.03(1)(c)(7) and 893.13(2)(a)(2). Therefore, both of Baig's convictions qualified as an "aggravated felony" within the meaning of § 1101(a)(43).

Thus, based on the evidence in the record, Baig was removable because of his two convictions for aggravated felonies. Therefore, there is not a reasonable probability that, but for the attorney's actions, the outcome of the proceedings would have been different. Dakane, 399 F.3d at 1274. To the extent Baig raises any additional arguments that counsel was ineffective at any stage in his relevant

4

proceedings, we reject those arguments.  Accordingly, we deny Baig's petition.

**PETITION DENIED.**