[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 8, 2006
THOMAS K. KAHN
CLERK

No. 05-16081
Non-Argument Calendar

_____

BIA No. A72-452-449

ABOUBAKAR YARI,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(August 8, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Petitioner Aboubakar Yari, proceeding *pro se*, petitions for review of the Board of Immigration Appeals's ("BIA") *in absentia* order adopting and affirming the Immigration Judge's ("IJ") orders removing him from the country and subsequently denying his motion to reopen. Yari's motion to reopen was denied by the IJ as being untimely and for failing to show exceptional circumstances justifying Yari's failure to attend his removal hearing.

I.

When the BIA issues a decision with an opinion, we review that decision, except to the extent that the BIA expressly adopts the IJ's opinion. *Reyes-Sanchez v. United States Att'y Gen.*, 369 F.3d 1239, 1242 (11th Cir. 2004). Here, the BIA expressly adopted the IJ's opinion, and made additional findings that Yari's failure to appear at his removal hearing was the result of a scheduling error on his part, and that Yari had failed to present a proper claim of ineffective assistance of counsel.

Yari argues that his original removal order was defective because it was based solely on information provided by his spouse, who had subjected him to extreme cruelty, in violation of 8 U.S.C. § 1367(a)(1). Under 8 U. S.C. § 1367, the government may not make an adverse deportability determination solely on the basis of information furnished solely by a spouse who has subjected the alien to extreme cruelty. 8 U.S.C. § 1367(a)(1).

2

The record here demonstrates that the IJ and the BIA did not rely on information provided by Yari's spouse in determining his removability. Yari was removed on the basis of his violation of the terms of his student visa. His wife's withdrawal of her petition for adjustment of status on his behalf merely terminated a procedural stay that had prevented him from being removed on a separate ground. Therefore, we conclude that 8 U.S.C. § 1367(a)(1) was not violated.

## II.

Yari further argues that his motion to reopen should have been granted because his failure to attend his removal hearing was due to exceptional circumstances. He argues that his removal hearing was scheduled at the same time as a state court hearing, and his attendance at the state court hearing was necessary to protect his child from the extreme cruelty from his wife's family.

We review the denial of a motion to reopen for an abuse of discretion. *Lonyem v. United States Att'y Gen.*, 352 F.3d 1338, 1340 (11th Cir. 2003). "[A]dministrative findings of fact are conclusive unless a reasonable factfinder would be compelled to conclude to the contrary." *Id.* "An *in absentia* removal order may be rescinded if the alien demonstrates that the failure to appear was because of exceptional circumstances beyond the control of the alien . . . ." *Id.* at 1340-41.

In his motion to reopen, Yari asserted that his failure to attend his removal hearing was due to a conflict with a state family court hearing. However, in a prior motion, Yari had ascribed his failure to attend the hearing to a record-keeping error on his part. Confronted with these two conflicting accounts, the BIA made a factual finding that Yari's failure to attend had been the result of his own error. The evidence indicates that Yari did have a state court hearing at the same time as his removal hearing. However, it also shows that Yari was at neither of these hearings at the appointed time. Therefore, it cannot be said that the evidence would compel a finding contrary to the BIA's conclusion that Yari failed to appear at his removal hearing due to his own record-keeping error.

Moreover, an exceptional circumstance must be a situation beyond the alien's control. Yari's own scheduling error was within his control. We conclude that it was not an abuse of discretion for the BIA to determine that this was not an exceptional circumstance justifying that absence.

### III.

Yari also argues that he was denied due process by the ineffective assistance of his counsel in failing to timely file a motion to reopen in the correct office.

A petitioner claiming ineffective assistance of counsel in a motion to reopen must show prejudice and substantial compliance with the procedural requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *Dakane v. United*

*States Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2005). Under *Lozada*, a motion to reopen based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with disciplinary authorities with respect to any violation of counsel's responsibilities, and if not, why not. *Lozada*, 19 I. & N. Dec. at 639.

The record here gives no indication that Yari informed his attorney that he was making allegations of wrongdoing against her, nor does it contain any explanation for why he had not filed a grievance against her. Therefore, the BIA did not abuse its discretion in determining that Yari had failed to comply with the procedural requirements of *Lozada*.

IV.

Yari additionally argues that his motion to reopen should not have been considered untimely because he qualifies for the one-year time limit available to aliens who have been subject to abuse by their American citizen spouses, pursuant to the INA § 240(c)(7)(C)(iv), 8 U.S.C. § 1229a(c)(7)(C)(iv) (2004).

When an order of removal is issued *in absentia,* there is generally a 180-day time limit for filing a motion to reopen if the alien can demonstrate exceptional circumstances justifying the alien's failure to appear at the original removal hearing. INA § 240(b)(5)(C)(i), 8 U.S.C. § 1229a(b)(5)(C)(i). However, the version of 8 U.S.C. § 1229a(c)(7)(C)(iv) in effect at the time of Yari's immigration proceedings contained an extended one-year time limit for motions to reopen for aliens who have been abused by their citizen spouses. Section 1229a(c)(7)(C)(iv) provided that "[t]he deadline specified in subsection (b)(5)(C) of this section for filing a motion to reopen does not apply" where (1) the basis for the motion to reopen was to apply for, *inter alia*, relief on the basis of a self-petition of an alien who has been subjected to abuse or extreme cruelty by a citizen-spouse or whose child has been subjected to such; (2) the motion was accompanied by a cancellation of removal application or a self-petition which has been filed or will be filed upon the grant of the motion to reopen; and (3) the motion was made within one year of the removal order. 8 U.S.C. § 1229a(c)(7)(C)(iv).

Yari's motion to reopen comported with the requirements of § 1229a(c)(7)(C)(iv). His motion alleged extreme cruelty by his American citizen spouse, was accompanied by a self-petition to be filed if the motion was granted, and was filed within one year of the order of removal. Therefore, the IJ erred in determining that Yari's motion to reopen was untimely filed. However, this does

6

not mean that the IJ abused his discretion in denying the motion. Section 1229a(b)(5)(C)(i) requires both a timely filing and a showing of exceptional circumstances justifying the failure to appear. The IJ found that Yari's motion was both untimely and failed to show exceptional circumstances. Thus, even with the one-year time limit, Yari, as discussed above, failed to show exceptional circumstances, and was not be entitled to reopen his case.

V.

Yari argues that the BIA acted unconstitutionally in "simply adopting" the IJ's decision, without considering his appeal on the merits, because the IJ failed to adjudicate his ineffective assistance of counsel claim and failed to consider his self-petition as an abused alien spouse of an American citizen.

Even a summary affirmance, by a single member of the BIA, without opinion, of an IJ's decision is not a due process violation. *Mendoza v. United States Att'y Gen.*, 327 F.3d 1283, 1288-89 (11th Cir. 2003).

Here, the record demonstrates that the BIA panel did issue an opinion and specifically noted that its adoption and affirmance of the IJ's opinion signified that "the Board's conclusions upon review of the record coincide with those the Immigration Judge articulated in his or her decision." Contrary to Yari's assertion, the BIA did review the merits of his case, including the two claims he singles out in his appeal. The BIA not only adopted and affirmed the IJ's decision, but made

7

additional findings as to Yari's ineffective assistance of counsel claim. As to Yari's abused spouse claim, the IJ found, and the BIA affirmed, that Yari had failed to show exceptional circumstances justifying his failure to appear, and as discussed above, this failure was fatal to Yari's motion to reopen irrespective of the applicability of § 1229a(c)(7)(C)(iv). No due process violation occurred.

## VI.

Finally, Yari argues that his removal on August 11, 2005, was invalid, because the Department of Homeland Security ("DHS") had made a preliminary determination that he had established a *prima facie* case for a self-petition under the Violence Against Women Act. Yari contends that this preliminary determination, which granted him permission to remain in the country, controlled over the order of removal.

Assuming that Yari was provided with notice of this preliminary determination by a field office of DHS, such a determination does not operate as an invalidation or stay of a prior, final order of removal. The existing order of removal remained valid, and its execution was not improper.

For the above-stated reasons, we deny the petition for review.

**PETITION DENIED.**