[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11567
Non-Argument Calendar
_____

Agency Nos. A95-242-192
A95-242-193

OMAR SANCHEZ,
ESTELLA LUCERO SANCHEZ,
CLAUDIA LORENA SANCHEZ,
MARIA CAROLINA SANCHEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 12, 2006)

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Omar Sanchez, his wife, Estella Lucero Sanchez, and their daughters, Claudia Lorena Sanchez and Maria Carolina Sanchez (collectively "Sanchez") seek review of the Board of Immigration Appeals' ("BIA") order denying their motion for reconsideration. After review, we dismiss the petition to the extent it seeks review of the BIA's November 30, 2005 order affirming the Immigration Judge's ("IJ") removal order. We deny Sanchez's petition to the extent it seeks review of the BIA's February 8, 2006 denial of the motion for reconsideration.

## I. BACKGROUND

Sanchez, a native and citizen of Colombia, was admitted to the United States on November 18, 2001 as a non-immigrant visitor authorized to stay until May 17, 2002. Once in the United States, Sanchez filed an application for asylum, withholding of removal and relief under the United Nations Convention Against Torture ("CAT"), claiming that he had been persecuted by paramilitary groups in Colombia based on his membership in a social group and his political opinion. The Immigration and Naturalization Service ("INS") issued a notice to appear charging Sanchez with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who had remained in the United States longer than permitted.

After an asylum hearing, the IJ found that Sanchez was removable and that

Sanchez had failed to meet his burden of proof to show that he was eligible for asylum, withholding of removal or CAT relief. Sanchez appealed the IJ's order to the BIA, which affirmed the IJ's decision on November 30, 2005.

On December 20, 2005, Sanchez filed a motion for reconsideration with the BIA and repeated the arguments he made in his appeal to the BIA. On February 8, 2006, the BIA denied Sanchez's motion for reconsideration. Sanchez filed a petition for review with this Court on March 8, 2006.

## II. DISCUSSION

On appeal, Sanchez seeks to challenge both the BIA's November 30, 2005 order affirming the IJ's decision and the BIA's February 8, 2006 order denying his motion for reconsideration. We do not have jurisdiction to review the BIA's November 30, 2005 order because Sanchez did not file his petition for review until March 8, 2006, more than 30 days after that order. See 8 U.S.C. § 1252(a)(1), (b)(1) (requiring a petition for review to be filed within 30 days of the final order of removal); see also Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (explaining that the statutory time limit for filing a petition for review is not subject to equitable tolling based on a timely filing of a motion to reopen). To the extent Sanchez seeks review of the November 30, 2005 final order of removal, his petition for review is dismissed.

Because Sanchez filed his petition for review within 30 days of the denial of his motion for reconsideration, we have jurisdiction to review this claim. Sanchez argues that the BIA erred in denying his motion for reconsideration because the BIA did not use its independent judgment. We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).

The BIA denied Sanchez's motion for reconsideration because the motion had failed to demonstrate any error in the November 30, 2005 order. In fact, Sanchez's motion to reconsider contained virtually the same arguments found in his appeal brief submitted to the BIA. Rather than point to any errors in the BIA's denial of his request for asylum, withholding of removal and CAT relief, Sanchez merely reiterated the facts as presented first to the IJ and later to the BIA in the appeal brief. Under these circumstances, the BIA did not abuse its discretion in declining to reconsider arguments it had already rejected.

**PETITION DISMISSED IN PART; DENIED IN PART.**

4