[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2006
THOMAS K. KAHN
CLERK

No. 06-11975
Non-Argument Calendar
_____

BIA Nos. A96-100-388 & A96-100-389

ALEXANDER CRUZ AYALA,
LAURA EVELIN CORREA JIMENEZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 19, 2006)**

Before ANDERSON, BIRCH  and BARKETT, Circuit Judges.

PER CURIAM:

Alexander Cruz Ayala ("Cruz") and his wife Laura Evelin Correa Jimenez,

hereinafter "Petitioners" when referred to collectively, seek review of the Board of

Immigration Appeals' ("BIA") denial of their motion for reconsideration of its order adopting and affirming the Immigration Judge's ("IJ") denial of relief from removal. First, Petitioners challenge the IJ and BIA decisions denying their application for asylum and withholding of removal. Second, Petitioners argue that the BIA erred when it denied their motion to reconsider.

## I.

By statute, we may only review "final order[s] of removal." INA § 242(a)(1), 8 U.S.C. § 1252(a)(1); Jaggernauth v. United States Att'y Gen., 432 F.3d 1346, 1350 (11th Cir. 2005). An order of removal becomes final "[u]pon [the] dismissal of an appeal by the [BIA]." 8 C.F.R. § 1241.1(a). "To seek judicial review of an order of removal, an alien must file a petition for review with the federal appellate court within 30 days of the BIA's issuance of the final order." Jaggernauth, 432 F.3d at 1350 (citing 8 U.S.C. § 1252(b)(1)-(2)). This limitation period is "mandatory and jurisdictional." Dakane v. United States Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)). An order of removal "is not affected by the subsequent filing of a motion to reconsider." Stone, 514 U.S. at 405, 115 S.Ct. at 1549.

Because Petitioners did not file a petition for review of the BIA's final order of removal, the merits of that order, as well as the merits of the underlying IJ's

decision, are outside our jurisdiction.

## II.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion.  Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003), cert. denied, 543 U.S. 917 (2004).  Motions to reconsider are disfavored in removal proceedings.  See INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724-25, 116 L.Ed.2d 823 (1992) (discussing motions to reopen and explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").  "A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision."  8 C.F.R. § 1003.2(b)(1).

Having reviewed the record and the parties' briefs on appeal, we find no reversible error.  In this case, other than their assertions that the BIA's conclusions regarding their case were incorrect, Petitioners did not raise any specific allegations of error in their motion for reconsideration.  Since rearguing the merits of a case is not the purpose of a motion for reconsideration, the BIA did not err in denying Petitioners' motion.

Accordingly, the petition is denied.

**DENIED**

3