[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 25, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11541
Non-Argument Calendar

_____

BIA Nos. A96-282-045 & A96-282-046

DAIRO FABIAN CARDONA,
CLAUDIA LILIANA RESTREPO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 25, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Dairo Fabian Cardona, representing the interests of himself and his wife,

Claudia Liliana Restrepo, petitions this court to review (1) the Board of

Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") decision finding him removable, and denying his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture ("CAT"), and (2) the BIA's the denial of his motion to re-open removal proceedings.

Cardona, a native and citizen of Colombia, S.A., contends that his application for asylum, withholding of removal, and CAT protection should have been granted on the basis of threats made upon him by guerilla FARC[1] forces for his refusal to let them use his farm to store arms and feed FARC members. The Attorney General submits that we lack jurisdiction to review the BIA's affirmance of the IJ's decision because Cardona did not file the instant petition for review within 30 days of the BIA's final removal order.

Whether this court has jurisdiction over a particular case is a question of law subject to plenary review. Mars v. Mounts, 895 F.2d 1348, 1351 (11th Cir. 1990). Title 8 U.S.C. § 1252(b)(1), which governs the filing deadline for petitions for review of orders of removal, requires that such petitions be filed "not later than 30 days after the date of the final order of removal." The statutory time limit for filing is "mandatory and jurisdictional," and not subject to equitable tolling. Dakane v. United States Attorney General, 399 F.3d 1269, 1272, n.3 (11th Cir. 2004), citing

_____

[1]Revolutionary Armed Forces of Colombia.

2

<u>Stone v. INS</u>, 514 U.S. 386, 405, 131 L. Ed. 2d 465, 115 S. Ct. 1537 (1995). Furthermore, the filing deadline is not suspended or tolled by a petitioner's filing of a motion to reopen the removal proceedings. <u>Id.</u>, citing <u>Stone</u>, 514 U.S. at 395.

The BIA's final removal order issued on August 31, 2005. Cardona's petition for review was filed on March 7, 2006, well over 30 days later. Cardona's motion to reconsider and reopen did not toll the statutory deadline, for the deadline is not subject to equitable tolling. We therefore lack jurisdiction to review the final order of removal. Cardona's petition is timely, however, as to the BIA's February 7, 2006, order denying his motion to reopen.

Cardona contends that his motion to reopen should have been granted because the documents attached to the motion included recent letters not available at his asylum hearing. Cardona says that these recent letters, including several that indicate the killing of a neighbor who refused to cooperate with the FARC, indicate the potential danger he would face if returned to Colombia.

We review the BIA's denial of a motion to reopen for abuse of discretion. <u>Mejia Rodriguez v. Reno</u>, 178 F.3d 1139, 1145 (11th Cir. 1999). Motions to reopen a final removal order must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened. 8 C.F.R. § 1003.2(c)(2). An exception to the filing deadline arises if evidence of changed circumstances in the country of removal becomes available,

3

the evidence is material, and the evidence could not have been discovered for presentation at the previous hearing. 8 C.F.R. § 1003.2(c)(3)(ii).

The BIA's final decision was made on August 31, 2005, meaning that Cardona's motion to reopen would have been due on November 29, 2005. Cardona did not file his motion until December 19, 2005. Thus, the BIA did not abuse its discretion in finding that Cardona's motion to reopen was barred by the time restriction on a motion to reopen. Furthermore, the BIA did not abuse its discretion in its finding that the documents attached to the motion did not constitute evidence of changed country conditions and could have been previously discovered. Each of these documents relates to the same persecution by the FARC that Cardona described at his asylum hearing and does not establish a nexus between the FARC's actions and a protected ground, e.g., the applicant's political opinion. Thus, the BIA did not abuse its discretion in finding that Cardona would not likely succeed in a reopened hearing.

In sum, we dismiss the petition in part, and deny the petition in part.

SO ORDERED.