[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-13019
Non-Argument Calendar
_____

Agency No. A96-284-285
A96-284-286

GUSTAVO ALBERTO RAMIREZ,
SORAYA PALACIO,
VALENTINA RAMIREZ,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 14, 2006)**

Before TJOFLAT, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

The Petitioner Gustavo Alberto Ramirez is a citizen of Columbia, S.A.  He seeks review in this court of the Board of Immigration Appeals's (BIA's) decision to deny a motion to reconsider its prior order dismissing their administrative appeal of a removal order as abandoned.[1]

After an immigration judge (IJ) denied his application for asylum, withholding of removal, and relief under the U.S. Convention Against Torture, Petitioner filed a timely appeal to the BIA on August 9, 2004, claiming that the IJ acted contrary to law and did not properly consider evidence of the current conditions in Colombia and his status as a "political target."  On January 17, 2006, the BIA dismissed the appeal as moot.  The Board ruled that it was treating the appeal as abandoned since it had been unable to contact Petitioner by mail and they had not filed a change of address notification.

Petitioner filed a timely motion to reconsider and stay deportation.  On April 28, 2006, the BIA denied his motion, noting that Petitioner had abandoned his appeal by not responding or filing a change of address form prior to the BIA's first decision. The BIA denied the motion to reconsider because the motion merely reargued the merits of his claim, rather than challenging the BIA decision to

---

[1]  Petitioner seeks review on behalf of himself, his wife, Soraya Palacio, and their child, Valentina Ramirez, who are also citizens of Columbia, S.A.  For ease of discussion, we refer only to Petitioner Ramirez.

2

dismiss his appeal. Thus, Petitioner did not allege any errors of fact or law or authority requiring the court to reinstate his appeal. Petitioner, on May 26, 2006, then petitioned this court to review the BIA's decisions and the IJ's decision. In response, the Government argues that we does not have jurisdiction to review the denial of asylum, withholding of removal, and CAT relief.

We review "questions of subject matter jurisdiction de novo." Brooks v. Ashcroft, 283 F.3d 1268, 1272 (11th Cir. 2002). We have jurisdiction over a "final order of removal," so long as the petition for review is filed within 30 days. 8 U.S.C. § 1252(a)(1), (b)(1). The time for filing his petition for review is not tolled pending the resolution of a timely motion to reconsider. In Stone v. INS, the Supreme Court concluded that "deportation orders are to be reviewed in a timely fashion after issuance, irrespective of the later filing of a motion to reopen or reconsider," and "the filing of the reconsideration motion does not toll the time to petition to review." 514 U.S. 386, 394-95, 115 S.Ct. 1537, 1543-44, 131 L.Ed.2d 465 (1995). We recently applied Stone and noted that, because "the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling" based on the timely filing of a motion to reopen. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

The BIA affirmed the decision of the IJ and issued a final order of removal on January 17, 2006.  Because Petitioner did not file his petition for review until May 26, 2006, more than 30 days later, his petition was not timely to consider the merits of his case. Thus, because he failed to file a petition for review within 30 days of the BIA's first order, we lack jurisdiction to review any issues resulting from alleged errors in that order.  However, because the BIA's denial of his motion to reconsider is a separate final order, and the petition for review was filed within 30 days of that order, we have jurisdiction to review the BIA's second order.

Petitioner believes that the BIA abused its discretion by denying his motion to reconsider because he has established eligibility for asylum and a well founded fear of persecution under the CAT.  He does not raise any arguments regarding the denial of his motion to reconsider.  The Government states that because he does not assert any source of error in the BIA's denial of his motion to reconsider, he has abandoned that issue.

We review the Board's denial of a motion to reconsider for an abuse of discretion.  Assa'ad v. U.S. Attorney General, 332 F.3d 1321, 1341 (11th Cir. 2003).  "A motion to reconsider shall specify errors of fact or law in the prior Board decision and shall be supported by pertinent authority."  8 C.F.R

4

§ 1003.2(b)(1).

The BIA noted, in denying the motion to reconsider, that Petitioner did not allege any errors in the its decision to dismiss his appeal as abandoned. Instead, he reasserted his arguments for asylum, withholding of removal, and protection under the CAT that had been presented before the IJ and in his initial request for appeal to the BIA. He did not provide any explanation for his failure to notify the BIA of his change of address or unresponsiveness to the briefing schedule. A review of the record shows that the BIA's assessment is correct. Under these circumstances, the BIA did not abuse its discretion when it denied the motion to reconsider.

To the extent Petitioner challenges the underlying removal order, we lack jurisdiction and dismiss the petition. The petition is otherwise denied because he fails to raise any claims regarding the denial of his reconsideration motion and has abandoned the issue. Accordingly, this petition is,

DENIED, in part; DISMISSED, in part.