[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 12, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12801
Non-Argument Calendar

_____

BIA No. A79-476-643

NELSON PUENTES-OVIEDO,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 12, 2007)**

Before DUBINA, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Nelson Puentes-Oviedo ("Oviedo") petitions this court to review the BIA's

denial of his motion to re-open the BIA's denial of his motion to reconsider its

affirmance of the Immigration Judge's ("IJ") order of removal and denial of asylum relief. Upon review, we deny the petition.

Oviedo, a native and citizen of Colombia, entered the United States in March 2003 without valid entry documents, and the Department of Homeland Security ("DHS") issued a notice to appear charging him with removability under INA § 212(a)(7)(A)(i)(I); 8 U.S.C. § 1182(a)(7)(A)(i)(I). Oviedo applied for asylum and withholding of removal, as well as relief under the United Nations Convention Against Torture ("CAT"), alleging that he had been persecuted by FARC members due to his political opinion. On May 7, 2004, the IJ denied relief and ordered Oviedo removed, finding that Oviedo's testimony was not credible. Oviedo appealed to the BIA, but did not challenge the adverse credibility finding. The BIA affirmed on August 23, 2005.

On September 23, 2005, Oviedo filed a motion for reconsideration, which the BIA denied on November 1, 2005. On December 15, 2005, Oviedo filed a motion to re-open the BIA's denial of the motion to reconsider, arguing that conditions in Colombia had deteriorated and that he had new evidence. In support of his motion, he submitted a newspaper article commenting on FARC's assassination of three minors, and letters from his mother, brother, son, and attorney. The letters were dated September and November 2005 and referenced the persecution Oviedo suffered and FARC's continued search for him. The BIA

2

denied the motion to re-open, finding that it was untimely, and that there was no new evidence indicating changed circumstances to excuse an untimely motion. Furthermore, the BIA noted that the motion did not challenge the credibility determination, and without credible testimony, Oviedo had not established his eligibility for relief from removal. Oviedo then filed the instant petition.

Oviedo argues that the BIA abused its discretion because the new evidence was not available to the IJ before the removal hearings and would be likely to change the outcome of his case because it confirms FARC's violent tendencies and "boasts" his credibility.

We review the denial of a motion to re-open for abuse of discretion. Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.2 (11th Cir. 2005); Lonyem v. U.S. Att'y Gen., 352 F.3d 1338, 1340 (11th Cir. 2003). Our review is deferential. Al Najjar v. Ashcroft, 257 F.3d 1262, 1302 (11th Cir. 2001). Motions to re-open are disfavored in removal proceedings. INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (explaining that such motions are disfavored because "as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States").

A motion to re-open must be filed within 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be re-opened. 8 C.F.R. § 1003.23(b)(1). This court has held that "[s]tatutes of

3

limitations are not simply technicalities." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999) (citation omitted).

An applicant seeking to re-open proceedings bears a "heavy burden." Al Najjar v. Ashcroft, 257 F.3d 1262, 1302-03 (11th Cir. 2001). A motion to re-open "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). "At a minimum, there are at least three independent grounds upon which the Board may deny a motion to reopen: 1) failure to establish a prima facie case; 2) failure to introduce evidence that was material and previously unavailable; and 3) a determination that despite the alien's statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion."[1] Al Najjar, 257 F.3d at 1302 (citing Doherty, 502 U.S. at 323).

Here, it appears that Oviedo sought to re-open the denial of the motion for reconsideration as well as the BIA's affirmance of the IJ's order of removal.

1. Motion for Reconsideration

---

[1] As this court has explained, "the provision is framed negatively, by directing the Board not to re-open unless certain showings are made. It does not affirmatively require the [BIA] to re-open the proceedings under any particular condition. Thus, the regulations may be construed to provide the [BIA] with discretion in determining under what circumstances the proceedings should be re-opened." Al Najjar, 257 F.3d at 1301.

Oviedo's motion to re-open was timely as to the BIA's denial of the motion for reconsideration. Nevertheless, the BIA did not abuse its discretion by denying the motion. The letters referred to alleged threats and persecution that occurred before the removal hearing, and the fact that Oviedo did not obtain the letters until after the hearing does not make them "unavailable" earlier. Furthermore, as the BIA noted, nothing in Oviedo's motion impacts the IJ's adverse credibility determination, and, therefore, re-opening the appeal was unlikely to change the outcome.

2. Order of Removal

With respect to the order of removal, the motion to re-open was untimely, as it was filed more than 90 days after the decision issued. To justify re-opening, Oviedo must show changed circumstances; he has failed to meet this burden. The only evidence Oviedo submitted was his own statement that conditions have worsened. The country reports submitted in support of the asylum application acknowledge that FARC often engages in violent actions against citizens, and this court has noted that Colombian citizens face danger and violence at the hands of FARC. Castillo-Arias v. U.S. Att'y Gen., 446 F.3d 1190, 1198 (11th Cir. 2006). Thus, Oviedo has not shown changed conditions, and the BIA did not abuse its discretion.

Because Oviedo has not shown that the BIA abused its discretion in denying the motion to re-open, we DENY the petition.