[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 9, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13942
Non-Argument Calendar
_____

BIA Nos. A79-497-785 & A79-497-788

MONICA ALEJANDRA LADINO-LOPEZ,
HECTOR ARTURO ANZOLA-LADINO,
DANIELLE ALEJANDRA ANZOLA-LADINO,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(February 9, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Monica Ladino-Lopez, as lead petitioner for herself, her son, Hector

Anzola-Ladino, and her daughter, Danielle Anzola-Ladino, petitions for review of the decisions of the Board of Immigration Appeals that affirmed the denials of her applications for asylum and withholding of removal and denied her motion to reopen. Ladino-Lopez argues that the BIA erred when it denied her application for asylum and withholding of removal because she established past persecution, a well-founded fear of future persecution, and a clear probability of persecution if returned to Colombia. Ladino-Lopez also argues that the BIA abused its discretion when it denied her motion to reopen because the evidence she submitted was material and could not have been presented earlier. We dismiss in part and deny in part.

We are without jurisdiction to consider Ladino-Lopez's arguments with regard to asylum and withholding of removal. A petition for review must be filed within thirty days of the date of the final order of removal. 8 U.S.C. § 1252(a)(1), (b)(1). "[T]he statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional.'" Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). A motion to reopen or reconsider filed with the BIA does not toll the filing deadline. Id. Because Ladino-Lopez did not file her petition for review until more than thirty days after the final order of removal, we lack jurisdiction to review that order.

Ladino-Lopez's remaining argument that the BIA abused its discretion when

2

it denied her motion to reopen fails. A motion to reopen "shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). The basis of Ladino-Lopez's motion to reopen was two letters from friends or relatives in Colombia that stated the FARC continued to ask about the whereabouts of Ladino-Lopez and her family, but the letters do not constitute new evidence. Although the letters were not available to Ladino-Lopez at the time of her hearing, Ladino-Lopez stated in her asylum application and presented evidence at her hearing that the FARC was asking about her family in her neighborhood. The BIA did not abuse its discretion when it denied Ladino-Lopez's motion to reopen.

Ladino-Lopez's petition for review is

**DISMISSED IN PART and DENIED IN PART.**