[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 10, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15454
Non-Argument Calendar

_____

BIA No. A96-092-636

CARLOS EDUARDO CARRERA DE ENJOY,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 10, 2007)**

Before BLACK, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Carlos Eduardo Carrera De Enjoy ("Carrera") seeks review of the final order

by the Board of Immigration Appeals ("BIA") affirming the decision of the

immigration judge ("IJ") denying his petition for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and for relief under the United Nations Convention Against Torture ("CAT").  After review, we dismiss the petition for review for lack of jurisdiction to the extent it seeks review of the BIA's July 26, 2006 final order.  We deny the petition to the extent it seeks review of the BIA's September 14, 2006 order denying Carerra's motion for reconsideration.

## I.  BACKGROUND

Carrera, a native and citizen of Venezuela, was admitted to the United States on August 3, 2003 on a nonimmigrant B-2 tourist visa and was authorized to stay until January 29, 2004.  In September 2003, Carrera filed an application for asylum, withholding of removal and CAT relief claiming that he had been persecuted in Venezuela based on his political opinion and membership in a particular social group.  On February 3, 2004, the Immigration and Naturalization Service ("INS") sent Carrera a Notice to Appear, charging him with removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B).

After an asylum hearing, the IJ denied Carrera all relief and ordered his removal.  The IJ determined that Carrera had failed to meet his burden of proof to show eligibility for asylum, withholding of removal or CAT relief.  Carrera appealed the IJ's order of removal to the BIA.  On July 26, 2006, the BIA affirmed

2

the IJ's decision without opinion. Carrera filed a motion for reconsideration, which the BIA denied on September 14, 2006. Carrera filed his petition for review with this Court on October 13, 2006.

## II.  DISCUSSION

**A.     July 26, 2006 Final Order**

A petitioner must file a petition for review with this Court within thirty days after the date of the final order of removal.  8 U.S.C. § 1252(b)(1).  "Since the statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' it is not subject to equitable tolling."  Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citing Stone v. INS, 514 U.S. 386, 405, 115 S. Ct. 1537, 1549 (1995)).  The finality of a removal order is not affected by the filing of a motion to reconsider.  Stone, 514 U.S. at 405, 115 S. Ct. at 1549.

Here, Carrera's removal order became final on July 26, 2006, when the BIA adopted and affirmed the IJ's decision.  See 8 C.F.R. § 1241.1(a).  Carrerra filed his petition for review on October 13, 2006, more than thirty days after the BIA's July 26, 2006 final order.  Thus, we lack jurisdiction to review the July 26, 2006 final order.

**B.     September 14, 2006 Order Denying Motion for Reconsideration**

3

Because Carrera's petition for review was filed within thirty days of the BIA's September 14, 2006 order denying his motion for reconsideration, we have jurisdiction to review that order. We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). "Judicial review . . . is limited to determining whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation marks omitted).[1] However, when an argument is not raised in the initial brief before this Court, the argument is deemed abandoned on appeal. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1286 n.3 (11th Cir. 2003).

Carrera does not challenge the denial of his motion for reconsideration in his counseled appeal brief. Specifically, Carrera's brief contains no law relevant to a motion for reconsideration, and does not argue that, in denying his motion for reconsideration, the BIA exercised its discretion in an arbitrary or capricious manner. Indeed, Carrera's brief references his motion for reconsideration only once, at the end of the statement of facts. Therefore, Carrera has abandoned his

---

[1]A motion for reconsideration filed with the BIA "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." 8 U.S.C. § 1229a(c)(6)(C); see also 8 C.F.R. § 1003.2(b). Notably, Carrera's motion for reconsideration failed to specify any legal or factual error and instead merely reiterated arguments Carrera had already made unsuccessfully in his direct appeal of IJ's removal order.

claim with regard to the BIA's September 14, 2006 order denying his motion for reconsideration.

For the above stated reasons, we dismiss the petition as it relates to the July 26, 2006 order affirming the IJ's order of removal and deny the petition as it relates to the September 14, 2006 order denying Carrera's motion for reconsideration.

**PETITION DISMISSED IN PART, DENIED IN PART.**