[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 30, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11162
Non-Argument Calendar

_____

BIA No. A13-393-791

DOUGLAS HENDERSO FORDE,

                                                              Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                              Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(November 30, 2007)**

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Barbados and a lawful permanent

resident of the United States. A Notice to Appear, issued by the Department of Homeland Security ("DHS") on February 6, 2004, stated that in May 2003, petitioner, following travel abroad, applied for admission to the United States as a lawful permanent resident and was paroled as an alien who had been convicted of a crime involving moral turpitude.[1] On March 15, 2005, at the conclusion of a removal hearing at which petitioner was represented by counsel, an Immigration Judge ("IJ"), in the exercise of her discretion, refused to grant petitioner a waiver of inadmissibility under former Immigration and Nationality Act ("INA") § 212(c), 8 U.S.C. § 1182(c), and ordered him removed pursuant to INA § 212(a)(2)(A)(i)(I), 8 U.S.C. § 1182(a)(2)(A)(i)(I).

Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), contending that counsel was ineffective at the removal hearing in several respects, and that the IJ denied him due process with her hostile questioning and "erred as a matter of law and discretion in deciding the case against him." Petitioner also moved the BIA to reopen the removal proceedings and remand the case to the IJ.

The BIA dismissed the appeal on August 7, 2006, and denied petitioner's motion to reopen. It held that petitioner had not demonstrated that he was

_____

[1] The Notice to Appear stated that in December 1985, petitioner was convicted in New York of two counts of second degree grand larceny, and that in March 1991, his parole (following imprisonment for those offenses) was revoked.

2

"deserving of a discretionary grant of section 212(c) relief," that his attorney's performance had not prejudiced his case, that he had "received a full and fair hearing," and that the IJ had "acted in an acceptable manner" and had not demonstrated bias.

On September 6, 2006, petitioner moved the BIA to reconsider its August 7, 2006 order and requested a 21-day extension in which to file a supporting brief. On September 29, 2006, he filed a supplemental motion to recuse the IJ and remand his removal proceedings. On October 26, 2006, the BIA denied his September 6, 2006 motion for reconsideration, as well as his September 29, 2006 motion to recuse the IJ and for remand. On November 15, 2006, petitioner moved the BIA to reconsider its October 26, 2006 order and resubmitted his motion to recuse the IJ and for remand.

On February 28, 2007, the BIA denied petitioner's November 15 motion for reconsideration, first noting that petitioner could not seek "reconsideration of an order denying a previously filed motion to reconsider." It then characterized his motion to recuse and for remand, which was attached to his November 15 motion, as a motion to reconsider its "August 7, 2006, order because, in essence, it alleges that in that decision [the BIA] erroneously rejected [his] prior allegations of judicial bias." Thus, it found that the motion was successive and that the arguments made in the motion either were or could have been raised on direct

3

appeal. On March 16, 2007, he petitioned us to review the BIA's orders dated February 28, 2007, October 26, 2006, and August 7, 2006.

Petitioner's initial argument is that we have jurisdiction to review the BIA's orders of August 7 and October 26, 2006, because the issues pending at the time those orders issued were "preserved" by his timely petition for review of the BIA's final February 28, 2007 order. Thus, he argues, we may review whether: (1) he received a "full and fair" hearing from the IJ; (2) the IJ should have been recused; and (3) he received ineffective assistance of counsel.

By statute, an alien seeking review of a final order of the BIA must file a petition for review within 30 days of the issuance of the final order. INA § 242(b)(1); 8 U.S.C. § 1252(b)(1). "[T]he statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, [and, therefore,] it is not subject to equitable tolling." Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) (citation and quotation omitted). The finality of a removal order is not affected by the filing of a motion to reopen or reconsider. Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995).

Because petitioner failed to file timely petitions for review of the BIA's August 7 and October 26, 2006 orders, we lack jurisdiction to review any of the issues related to those underlying orders, and accordingly, the petition is dismissed,

4

to the extent that it relates to those issues.

Petitioner next argues that, although the jurisdictional-stripping provisions of INA § 242(a)(2)(B)(ii) and (C), 8 U.S.C. § 1252(a)(2)(B)(ii) and (C) apply to his petition for review, we still may review his constitutional claims, including his arguments that: (1) he did not receive a full and fair hearing before the IJ and thus was denied due process; and (2) he received ineffective assistance of counsel in derogation of the Fifth Amendment.

Petitioner failed to file a timely petition for review of the BIA's August 7, 2006 order, where the BIA found that he received a "full and fair hearing" free from any bias on the part of the IJ, and his intervening motions did not toll the period in which to petition for review. See INA § 242(b)(1), 8 U.S.C. § 1252(b)(1); 8 C.F.R. § 1241.1(a); Dakane, 399 F.3d at 1272 n.3.

Petitioner's argument that we have jurisdiction to review his due process claims is without merit, as he failed to file a timely petition for review of the BIA's order rejecting those claims. Accordingly, his petition is dismissed to the extent that it relates to due process claims.

Petitioner's final argument is that the BIA abused its discretion by denying reconsideration of its August 7 and October 26, 2006 orders. He further contends that the BIA erred by: (1) denying his September 6, 2006 motion for reconsideration; (2) construing his September 6, 2006 motion as merely a motion

5

for a time extension; and (3) recharacterizing his November 15, 2006 motion to recuse the IJ and for remand as a motion to reconsider its August 7, 2006 order and finding it to be successive.

We review the BIA's denial of a motion for reconsideration for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003). A motion for reconsideration "shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority." INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted) (addressing a motion to reopen). Furthermore, an alien "may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." INA § 240(c)(5), 8 U.S.C. § 1229a(c)(5); 8 C.F.R. § 1003.2(b)(2).

The BIA did not abuse its discretion in issuing its February 28, 2007 order by holding that: (1) petitioner statutorily was barred from filing a motion to reconsider the denial of an earlier motion to reconsider; and (2) his motion to recuse the IJ and for remand actually was a successive motion for reconsideration, as it was identical to his September 29, 2006, supplement to his first motion for

6

reconsideration. Accordingly, we deny the petition for review of the BIA's

February 28, 2006 order.

DISMISSED, in part; DENIED, in part.