[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-13870

_____

Agency Docket No. A77-002-815

ABDULKADIR HAJI DAKANE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 25, 2004)
**CORRECTED February 8, 2005**

Before BARKETT and KRAVITCH, Circuit Judges, and FORRESTER[*], District
Judge.

PER CURIAM:

---

[*]Honorable J. Owen Forrester, United States District Judge for the Northern District of
Georgia, sitting by designation.

Abdulkadir Dakane petitions this Court for review of the denial of his motion to reopen removal proceedings and reconsider the final order of removal against him based on his claim of ineffective assistance of counsel. We affirm.

Dakane attempted to enter the United States via Miami International Airport with the use of a Kenyan passport. Upon questioning by an immigration official, Dakane stated that he was actually a citizen and national of Somalia; that the Kenyan passport was false because it had not been legally issued to him but was purchased in Mogadishu, Somalia; and that he was seeking asylum because, as a member of a minority clan in Somalia, he feared persecution.

In removal proceedings, the immigration judge found that although Dakane had a valid passport, he was not in possession of a valid visa. Furthermore, the judge found that his testimony with regard to the persecution allegedly suffered in Somalia and as to how he obtained the Kenyan passport in Mogadishu was not credible. The judge rejected Dakane's testimony to support his claim that he is a Somali national as well as the unauthenticated document he submitted as a Somali birth certificate. The judge accepted instead the INS's argument that even if Dakane was originally from Somalia, he had "firmly resettled" in Kenya pursuant to 8 C.F.R. § 208.15,[1] as he possessed a valid Kenyan citizen's passport, which had

_____

[1]8 C.F.R. § 208.15 provides that:

been authenticated by the Kenyan Embassy and deemed not to have been altered by the INS's Forensic Document Laboratory. Having considered all of the evidence presented by both sides including the above, the immigration judge found Dakane to be a national of Kenya and thus, ineligible for asylum.

Accordingly, the immigration judge held that Dakane: (1) was removeable pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA") because he was not in possession of a valid visa; (2) failed to establish that he is a refugee within the meaning of section 101(a)(42)(A) of the INA and thus was ineligible for asylum and withholding of removal pursuant to section 241(b)(3)(A) of the INA; and (3) was ineligible for withholding of removal under

---

An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement unless he or she establishes:

(a) That his or her entry into that country was a necessary consequence of his or her flight from persecution, that he or she remained in that country only as long as was necessary to arrange onward travel, and that he or she did not establish significant ties in that country; or

(b) That the conditions of his or her residence in that country were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled. In making his or her determination, the asylum officer or immigration judge shall consider the conditions under which other residents of the country live; the type of housing, whether permanent or temporary, made available to the refugee; the types and extent of employment available to the refugee; and the extent to which the refugee received permission to hold property and to enjoy other rights and privileges, such as travel documentation that includes a right of entry or reentry, education, public relief, or naturalization, ordinarily available to others resident in the country.

the Convention Against Torture ("CAT") pursuant to § 208.16 of the Code of Federal Regulations ("CFR").

Dakane filed a notice of appeal with the BIA, contesting the findings and conclusions of the immigration judge. On the day Dakane's BIA brief was due, he moved through counsel for a 60-day extension to file, claiming that counsel was having health problems and had not yet received a complete record of the proceedings. The BIA granted the extension. Dakane moved for another extension, which was also granted; however, Dakane's attorney never filed the brief. Dakane, represented by new counsel, then submitted a request for leave to file his brief out of time and a request for a copy of the transcript of his immigration hearing, claiming ineffective assistance of counsel by his previous attorney. In support of his request, Dakane attached a copy of his Florida Bar Complaint Form against his previous attorney with supporting documentation including a sworn affidavit indicating that he had paid his attorney to represent him, that she failed to communicate with him regarding the status of his case, and that she represented to him that she was going to file the appeals brief before the BIA but never did so. The BIA denied the request for leave to file a late brief noting that Dakane had been granted two previous extensions.

On appeal, the BIA affirmed the findings and conclusions of the

4

immigration judge and ordered Dakane removed. Dakane then filed a motion to reconsider with the BIA and renewed his request for leave to file a brief in support of his appeal, which the BIA construed as a motion to reopen removal proceedings. The BIA denied the motion finding that although he properly asserted ineffective assistance of counsel under "most" of the requirements of Matter of Lozada, 19 I & N Dec. 636 (BIA 1988), he failed to establish how he was prejudiced by his former attorney's failure to file a brief in support of his appeal.[2] Dakane appeals that decision here.

## DISCUSSION

The sole issue before us in this appeal is whether Dakane was required to demonstrate in his motion to reopen that his counsel's ineffective assistance prejudiced his removal proceedings.[3]

---

[2]In this Circuit, we review the BIA's denial of a motion to reopen removal proceedings for abuse of discretion. INS v. Abudu, 485 U.S. 94, 110 (1988); Gbaya v. U.S. Att'y Gen., 342 F.3d 1219 (11th Cir. 2003).

[3]We do not consider the merits of the BIA's final order of removal against Dakane issued on March 11, 2004, for lack of jurisdiction. Because Dakane's removal proceedings commenced after April 1, 1997, this case is governed by the permanent provisions of the INA, as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. 104-208, 110 Stat. 3009 (1996) ("IIRIRA"). Gonzalez-Oropeza v. U.S. Att'y Gen., 321 F.3d 1331, 1332 (11th Cir. 2003). Under section 242(a)(1), (b)(1) of the INA, a petitioner has 30 days from the date of the final order of removal to seek review in this Court. 8 U.S.C. § 1252(a)(1), (b)(1). Dakane failed to meet this deadline by filing his petition for review with this Court on August 1, 2003, over four months from the issuance of the final order of removal. Since the statutory limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional," it is not subject to equitable tolling. See Stone v. INS, 514 U.S. 386, 405 (1995) (construing the former 90-day period for filing a petition for review under the INA § 106(a)(1), 8 U.S.C. §

5

Congress has provided by statute under section 1229a(c)(6) of the INA that an alien has the option to file one motion to reopen a final administrative order of removal within 90 days of that order.[4] One of the grounds an alien may claim in a motion to reopen is ineffective assistance of counsel. See, e.g., Gbaya v. U.S. Att'y Gen., 342 F.3d 1219, 1221 (11th Cir. 2003). Section 1362 of the INA provides that aliens have the privilege of having the presence of counsel in their removal hearings [5] stating that:

> [i]n any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.

8 U.S.C. § 1362. It is well established in this Circuit that an alien in civil

---

1105a(a)). Furthermore, the filing deadline is not suspended or tolled by the fact that Dakane filed a motion to reopen the removal proceedings twelve days after issuance of the final order of removal. Id. 514 U.S. at 395. For these reasons, we find that we do not have jurisdiction to review Dakane's claims as they relate to his final order of removal.

[4]8 U.S.C. § 1229a(c)(6) states that:

An alien may file one motion to reopen proceedings under this section. The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material . . . the motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal.

[5]Under the IIRIRA amendments to the INA in 1996, "removal proceedings" in this section replaced and refers both to exclusion and deportation hearings. See Pub. L. 104-208, § 308(d)(4)(O).

6

deportation proceedings, while not entitled to a Sixth Amendment right to counsel, has the constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing to <u>effective</u> assistance of counsel where counsel has been obtained. <u>Gbaya</u>, 342 F.3d at 1221.[6] In order "to establish the ineffective assistance of counsel in the context of a deportation hearing, an alien must establish that his or her counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his or her case." <u>Id.</u> (quoting <u>Mejia Rodriguez v. Reno</u>, 178 F. 3d 1139, 1146 (11th Cir. 1999) (internal quotes omitted)). <u>See</u> <u>also</u> <u>Rojas-Garcia v. Ashcroft</u>, 339 F.3d 814, 824 (9th Cir. 2003).

In <u>Matter of Lozada</u>, 19 I & N Dec. 637 (BIA 1988), the BIA addressed the claim of ineffective counsel in the same context as that presented here:

---

[6]We note that <u>inadmissible</u> aliens such as Dakane have traditionally not been able to claim constitutional due process protections in exclusion proceedings. <u>Shaughnessy v. Mezei</u>, 345 U.S. 206 (1953); <u>United States ex rel. Knauff v. Shaughnessy</u>, 388 U.S. 537 (1950). However, the Supreme Court has held that they are ensured a fundamentally fair hearing through statutory protections provided for by Congress. <u>Shaughnessy</u>, 345 U.S. at 212. As the Third Circuit has noted, because "Congress has long recognized the importance of counsel in immigration proceedings" as evidenced by the statutory right to presence of counsel under § 1362 of the INA, inadmissible aliens also have a claim of ineffective assistance, if properly established, as grounds for a motion to reopen a removal proceeding. <u>See</u> <u>Xu Yong Lu v. Ashcroft</u>, 259 F.3d 127, 132 (3d. Cir. 2001) (reasoning that "aliens facing exclusion have no recourse against deficient counsel. Such a ruling would simply encourage abuse. Because aliens often do not speak English and are usually unfamiliar with our laws and procedures, they are particularly vulnerable to inadequate counsel.").

7

A motion to reopen or reconsider based upon a claim of ineffective assistance of counsel requires (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

Id. 19 I & N Dec. at 639.

This Court has previously determined that the BIA may require aliens to satisfy the three part Lozada test. Gbaya, 342 F.3d at 1223. However, it is not disputed by the parties that Dakane substantially complied with the procedural requirements of Lozada. The issue here is whether we should agree with the BIA's further requirement in Lozada [7] that an alien such as Dakane must also prove that his counsel's deficient representation resulted in prejudice to him.

We agree with the Ninth Circuit that, in addition to substantial, if not exact, compliance with the procedural requirements of Lozada, a petitioner claiming ineffective assistance of counsel in a motion for reconsideration must also show prejudice. Rojas-Garcia, 339 F.3d at 826; see also Mejia Rodriguez, 178 F. 3d at

_____

[7]"The respondent's motion is wholly insufficient in light of the foregoing guidelines. We note, moreover, that no prejudice was shown to have resulted from prior counsel's failure to or decision not to file a brief in support of the appeal." Lozada, 19 I & N Dec. at 640.

1146 (denying habeas petitioner's ineffective assistance of counsel claim, which resulted in ineligibility for suspension of deportation, because alien could not demonstrate prejudice such that were it not for his counsel's deficient performance, he would have received the extraordinary relief).  Prejudice exists when the performance of counsel is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different.  See Mejia Rodriguez, 178 F.3d at 1148; see also Rabiu v. INS, 41 F.3d 879, 882 (2d Cir. 1994) (holding that alien must show that his attorney's failure to file for § 212 (c) relief caused him actual prejudice by making a prima facie showing that he would have been eligible for the relief); Miranda-Lores v. INS, 17 F.3d 84, 85 (5th Cir. 1994) ("[P]roving prejudice requires the Petitioner to make a prima facie showing that had the application been filed, he would have been entitled to relief from deportation . . . .").  Where counsel fails to file any appeals brief in the context of an immigration proceeding, effectively depriving an alien of an appellate proceeding entirely, there is a rebuttable presumption of prejudice.  Rojas-Garcia, 339 F.3d at 826 (citing Dearinger ex rel. Volkova v. Reno, 232 F.3d 1042, 1045 (9th Cir.2000)).

In this case, we conclude that the BIA did not err in finding that any presumption of prejudice in this case due to the failure of Dakane's counsel to file

9

a brief was rebuttable.  As noted by the BIA, Dakane failed to demonstrate or even address in his motion to reopen how his attorney's failure to file an appeals brief would have changed the BIA's  removal order.  The basis for the immigration judge's decision to deny Dakane's asylum and withholding of removal claims was an adverse credibility finding.  Having considered all the evidence, the immigration judge simply did not believe Dakane's testimony that he was a Somali citizen who had illegally purchased a Kenyan passport to gain entry to the United States.  The crucial issue at stake in Dakane's case is proof of his nationality and identity.  We cannot say that the BIA erred in determining that Dakane had failed to show that an appeals brief could have changed the outcome of the appeal proceedings before the BIA with regard to that issue, and thus, AFFIRM the BIA's denial of Dakane's motion to reopen.

**AFFIRMED.**