[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15001
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 24, 2005
THOMAS K. KAHN
CLERK

Agency  Docket Nos. A95-533-570
A95-533-571

LUIS EDUARDO MORA RESTREPO,
MARIA ANGELICA PARAMO ROJAS, et al.,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review from a Final Order
of the Board of Immigration Appeals

_____

(June 24, 2005)

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Luis Eduardo Mora Restrepo, Maria Angelica Paramo Rojas, and Carlos Eduardo Mora Paramo, Colombian citizens appearing with counsel, petition for review of the Board of Immigration Appeal's ("BIA") order denying their motion for reconsideration. Because Mora Restrepo's[1] removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Publ. L. No. 104-208, 110 Stat. 3009 (1996) apply. On appeal, Mora Restrepo claims that the BIA abused its discretion in determining that his due process rights were not violated by his attorney's ineffective assistance of counsel. He maintains that his attorney at his removal hearing (1) failed to explain to the Immigration Judge ("IJ") the reasons why he filed his asylum application after the time period for filing asylum applications expired, and (2) failed to introduce evidence that three members of his wife's family had been granted asylum in the United States based on the same reasons and circumstances he presented.

We review for abuse of discretion the BIA's denial of the alien's motion for reconsideration. Gbaya v. United States Attorney Gen., 342 F.3d 1219, 1220, (11th Cir. 2003). However, we review de novo an alien's constitutional

---

[1] Mora Restrepo is the primary applicant. His wife and child are derivative applicants, and, therefore, rely on Mora Restrepo's asylum application. Accordingly, this opinion will refer to Mora Restrepo and his claim for relief.

challenges. Lonyem v. United States Attorney Gen., 352 F.3d 1338, 1341 (11th Cir. 2003).

We have stated that aliens have a right to the effective assistance of counsel, under the Fifth Amendment Due Process Clause, where counsel has been retained. Dakane v. United States Attorney Gen., 399 F.3d 1269, 1273 (11th Cir. 2005). In order to establish ineffective assistance of counsel, the alien must establish that his "counsel's performance was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the alien was unable to reasonably present his or her case." Id. at 1274 (quotations and citations omitted). The alien must also demonstrate that his counsel's deficient performance prejudiced him. Id. Prejudice exists when counsel's performance "is so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." Id.

In the case at bar, Mora Restrepo was not deprived of due process for his counsel's alleged deficient performance in not telling the IJ the reason that his asylum application was untimely. We have stated that an attorney's deficient representation does not deprive an alien of due process if the inadequate representation only prevents him from being eligible for discretionary relief from removal because the failure to receive discretionary relief does not amount to a

deprivation of a liberty interest.  Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1146, 1148 (11th Cir. 1999).  We have also stated that the grant of asylum is a matter of discretion that lies with the Attorney General.  Sepulveda v. United States Attorney Gen., 401 F.3d 1226, 1231 (11th Cir. 2005), see also INA § 242(b)(4)(D), 8 U.S.C. § 1252(b)(4)(D) ("the Attorney General's discretionary judgment whether to grant asylum relief shall be conclusive unless manifestly contrary to the law and an abuse of discretion").  Therefore, even if Mora Restrepo's counsel's  performance was deficient, the deficiency could not have deprived him of due process, and Mora Restrepo's claim fails.  See Mejia-Rodriguez v. Reno, 178 F.3d at 1148; Sepulveda, 401 F.3d at 1231; and Dakane, 399 F.3d at 1274.

Moreover, Mora Restrepo failed to sufficiently demonstrate how his attorney's deficient performance would have prejudiced his case.  In his brief, Mora Restrepo merely states that his "testimony would have benefitted from further corroboration to confirm the danger that he faces in Colombia."  He claims that this danger could have been established by "presenting his three siblings who ha[d] received asylum based on the same allegations.  The presentation of [these] witnesses would have markedly altered the nature and quality of the Petitioners' claim."  However, aside from making conclusory statements, Mora Restrepo failed

4

to set forth how his proceedings would have been different and how the IJ would have found differently had this evidence been presented. Further, Mora Restrepo does not describe what compelling information his siblings would have testified to that was not previously disclosed, nor does he provide evidence from his siblings' asylum hearing to demonstrate that they were granted asylum using the same allegations he put forth. Therefore, because Mora Restrepo failed to establish that his proceedings would have been different but for his counsel's allegedly deficient performance, his claim also fails. See Dakane, 399 F.3d at 1274.

Upon review of the record and the parties' briefs, we discern no reversible error. Accordingly, we deny the petition for review.

**PETITION DENIED.**[2]

---

[2] Mora Restrepo's request for oral argument is denied.