[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12570
Non-Argument Calendar
_____

Agency No. A96-021-763

SUBHAS PERSAUD,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(October 24, 2006)**

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Petitioner is a native and citizen of Guyana. On January 30, 2003, he attempted to enter the United States by misrepresenting that he was a returning lawful resident using the Guyanan passport of the national he was impersonating. Seven days later, on February 6, 2003, removal proceedings were initiated. He appeared before an Immigration Judge ("IJ") on June 13, 2003 and was found removable as charged (for entering the United States by fraud). He requested relief in the form of asylum and withholding of removal and protection under the U.N. Convention against Torture.

The IJ held a hearing on Petitioner's request for relief on September 29, 2003. After hearing from Petitioner,[1] the IJ denied all relief and ordered him removed to Guyana. Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On November 19, 2004, the BIA affirmed without opinion. Petitioner chose not to petition this court for review of the BIA's decision. Instead, on February 17, 2005, he moved the BIA to reopen, seeking adjustment of status based on his December 9, 2004 marriage to a United States citizen. The Government opposed the motion, and Petitioner filed a response. The BIA denied his motion on April 7, 2005. The BIA held that Petitioner was ineligible to apply for adjustment of status pursuant to 8 C.F.R. § 245.1(c)(8). The

---

[1] Petitioner presented no documentary evidence. He based his case on his own testimony.

2

BIA denied Petitioner's motion on an alternative ground as well. It assumed that he was eligible to apply for adjustment of status, but held that he was not prima facie eligible for the adjustment. The BIA reasoned that (1) Petitioner did not submit a detailed affidavit demonstrating that he was prima facie eligible for adjustment of status, and (2) the documents that he submitted did not amount to clear and convincing evidence indicating a strong likelihood that the marriage was bona fide. On May 6, 2005, Petitioner moved the BIA to reconsider its denial of his motion to reopen, and attached additional documentation to establish that his marriage was bona fide. The BIA denied his motion on June 6, 2005, finding that (1) he failed to establish that it had erred in rendering its decision on his motion to reopen, and (2) it could not consider the additional evidence since its review of a motion to reconsider is confined to the record as it existed prior to the motion. Petitioner did petition this court to review the BIA's June 6 ruling. Instead, he petitions us to review the BIA's April 7 denial of his motion to reopen his removal proceeding.

In his brief, Petitioner argues that, in denying his motion to reopen his removal proceedings, the BIA erred by finding that (1) § 245.1(c)(8) was not in violation of 8 U.S.C. § 1255(a), the adjustment of status statute, and (2) he was not prima facie eligible for adjustment of status because he did not provide a detailed

3

affidavit.  With respect to his first argument, he requests that we adopt the First Circuit's holding in Succar v. Ashcroft, 394 F.3d 8 (1st Cir. 2005), which struck down § 245.1(c)(8) as being in violation of § 1255(a) in circumstances similar to his.  With respect to his second argument, he contends that the BIA acted in an arbitrary and capricious manner by requiring that he submit a detailed affidavit, when the regulations provide that a motion to reopen can be supported by either affidavits or other evidentiary material.  He contends that he complied with the regulations by attaching to his motion "other evidentiary material," such as the immigration forms and documents comprising his adjustment of status package.  Additionally, he says that, because he had married just a few months before the motion was submitted, he did not have enough time to accumulate other evidence to establish that the marriage was bona fide.

We review the BIA's denial of a motion to reopen for an abuse of discretion. Mejia-Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999).  The discretion afforded the BIA under 8 C.F.R. § 1003.2(a) with respect to granting and denying motions to reopen is expansive.  See Anin v. Reno, 188 F.3d 1273, 1279 (11th Cir. 1999) (providing that the regulation gives the BIA discretion to reopen proceedings "as it sees fit").  Specifically, the provision provides that "[t]he Board has discretion to deny a motion to reopen even if the party moving has made out a

4

prima facie case for relief." 8 C.F.R. § 1003.2(a). Judicial review is limited to determining "whether there has been an exercise of administrative discretion and whether the matter of exercise has been arbitrary or capricious." Garcia-Mir v. Smith, 766 F.2d 1478, 1490 (11th Cir. 1985) (quotation omitted).

A motion to reoopen must be supported by "affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c). The BIA may grant a motion to reopen for adjustment of status based on a marriage entered after the commencement of removal proceedings if clear and convincing evidence is presented showing a strong likelihood that the marriage is bona fide. See 8 C.F.R. § 245.1(c)(8)(iii)(F). A petitioner may meet his burden by showing evidence of joint ownership of property, joint tenancy of a common residence, the commingling of financial resources, birth certificates of children born by the couple, or affidavits of third parties having personal knowledge that the marriage is bona fide. 8 C.F.R. §§ 204.2(a)(1)(iii)(B)(1)-(5), 245.1(c)(8)(v)(A)-(F).

As an initial matter, the BIA erred by denying Petitioner's motion on the ground that arriving aliens in removal proceedings are ineligible to apply for adjustment of status under § 245.1(c)(8). Following the BIA's denial of the motion to reopen, we issued a decision contradicting the BIA's decision. See Scheerer v. U.S. Atty. Gen, 445 F.3d 1311, 1322 (11th Cir. 2006) (holding invalid

8 C.F.R. § 1245.1(c)(8), which was identical to 8 C.F.R. § 245.1(c)(8)). Further, § 245.1(c)(8), has since been removed from the Code of Federal Regulations. See Eligibility of Arriving Aliens in Removal Proceedings to Apply for Adjustment of Status and Jurisdiction to Adjudicate Applications for Adjustment of Status, 71 Fed.Reg. 27585 (May 12, 2006). However, because the evidence that Petitioner submitted with his motion did not establish a likelihood that his marriage was bona fide, the BIA did not abuse its discretion by also denying his motion on the alternative ground that he failed to establish that he was prima facie eligible for adjustment of status.

Next, Petitioner argues that the BIA abused its discretion in denying his motion to reconsider by not taking administrative notice of the additional evidence he submitted with his motion, demonstrating that his marriage was bona fide.

For us to have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. See 8 U.S.C. § 1252(a)(1), (b)(1). The statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' and not subject to equitable tolling. Dakane v. U.S. Attorney Gen., 399 F.3d 1269, 1272 n. 3 (11th Cir.2005) (citing Stone v. INS, 514 U.S. 386, 405-06, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995)).

6

Upon review of the record and consideration of the parties' briefs, we discern no reversible error.  We do not have jurisdiction to review the BIA's decision denying Petitioner's motion for reconsideration because the petition for review only references the BIA's denial of Petitioner's motion to reopen, and, as noted above, he did not file a separate petition for review of the denial of the motion to reconsider.  Accordingly, we deny the petition.

**PETITION DISMISSED IN PART AND DENIED IN PART.**