[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16543
Non-Argument Calendar
_____

BIA No. A96-270-299

EDINSON SIERRA-ESPITA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(September 6, 2007)**

Before BIRCH, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Edinson Sierra-Espita petitions this Court for review of the Board of Immigration Appeals' (BIA's) order denying his motion for reconsideration of its denial of his motion to reopen proceedings, in which he was denied asylum, withholding of removal, and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231(b)(3); 8 C.F.R. § 208.16(c).

We "are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." *Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation omitted). While we generally have jurisdiction to review final orders of removal, the petition for review must be filed within 30 days of the date of the final order of removal. *See* 8 U.S.C. § 1252(a)(1), (b)(1).

> Since the statutory limit for filing a petition for review in an immigration proceeding is mandatory and jurisdictional, it is not subject to equitable tolling. Furthermore, the filing deadline is not suspended or tolled by the fact that [the petitioner] filed a [timely] motion to reopen the removal proceedings . . . after issuance of the final order of removal.

*Dakane v. U.S. Att'y Gen.*, 371 F.3d 771, 773 n.3 (11th Cir. 2004) (quotations and citations omitted).

The BIA's final order of removal in this case was filed on February 15, 2006, when the BIA summarily dismissed Sierra-Espita's appeal of the IJ's denial of asylum relief. *See* 8 C.F.R. § 1241.1(a) (providing "[a]n order of removal made

2

by the immigration judge at the conclusion of proceedings under section 240 of the Act shall become final . . . [u]pon dismissal of an appeal by the [BIA]). The BIA denied Sierra-Espita's motion to reopen on August 3, 2006, and Sierra-Espita did not file a petition for review of that order. Although Sierra-Espita filed a motion for reconsideration of the BIA's denial of the motion to reopen, the filing did not toll the limitations period for filing a petition for review in this Court. *See Dakane*, 371 F.3d at 773 n.3. Sierra-Espita filed his petition for review on December 20, 2006, which was more than 30 days after the BIA's final order of removal and its denial of his motion to reopen. Accordingly, to the extent Sierra-Espita argues the BIA erred in affirming the IJ's denial of asylum relief or denying his motion to reopen, we lack jurisdiction to review the claims because Sierra-Espita did not file timely petitions for review. Hence, the only issue on appeal in this case is whether the BIA abused its discretion in denying Sierra-Espita's motion to reconsider the denial of his motion to reopen.

In his brief, Sierra-Espita argues he should have received asylum and that the motion to reopen was incorrectly denied, but does not present any arguments regarding the motion to reconsider. By failing to argue the motion to reconsider in his brief, Sierra-Espita has abandoned this issue. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1286 n.3 (11th Cir. 2003) (stating the respondent abandoned his

CAT claim because he did not raise it in his brief on appeal).  Accordingly, we deny Sierra-Espita's petition for review.

**PETITION DENIED.**