[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11229
Non-Argument Calendar

_____

BIA No. A78-611-446

GRICEL HELENA ASTUDILLO,

Petitioner,

versus

UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 21, 2007)

Before TJOFLAT, ANDERSON and HULL, Circuit Judges.

PER CURIAM:

Gricel Helena Astudillo, who is a native and citizen of Venezuela, seeks review of the Board of Immigration Appeals's (BIA) February 23, 2007, denial of her third motion to reconsider or reopen its prior order of July 12, 2006, dismissing her appeal as untimely. The BIA denied the motion, determining that, to the extent that it was a motion to reopen, the motion should be denied because she did not present any evidence that was previously unavailable, and holding that the motion was numerically barred if construed to be a motion to reconsider.

We have held that, when an appellant does not argue an issue in her brief, the issue is abandoned. Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). Additionally, a passing reference to an issue is insufficient to raise a claim for appeal, and we consider the issue abandoned. Greenbriar, Ltd. v. City of Alabaster, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

Under section 242(b)(1) of the Immigration and Naturalization Act (INA), a petitioner has 30 days from the date of the final order of removal to seek our review. 8 U.S.C. § 1252(b)(1); Dakane v. U.S. Att'y Gen., 371 F.3d 771, 773 n.3 (11th Cir. 2004). An order of removal made by an Immigration Judge (IJ) at the conclusion of proceedings becomes final upon dismissal of an appeal by the BIA. 8 C.F.R. § 1241.1(a). Importantly, the statutory time limit for filing a petition for review in an immigration proceeding is "mandatory and jurisdictional." Dakane, 371 F.3d at 773 n.3. Additionally, the filing deadline is not suspended or tolled by

2

a motion to reopen the removal proceedings. Stone v. INS, 514 U.S. 386, 405, 115 S.Ct. 1537, 1549, 131 L.Ed.2d 465 (1995).

"A party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." 8 C.F.R. § 1003.2(b)(2). Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." In explaining 8 C.F.R. § 1003.2(c)(1), we have stated that:

> [t]he provision is framed negatively, by directing the Board not to reopen unless certain showings are made. It does not affirmatively require the Board to reopen the proceedings under any particular condition. Thus, the regulations may be construed to provide the Board with discretion in determining under what circumstances proceedings should be reopened.

Al Najjar v. Ashcroft, 257 F.3d 1262, 1301 (11th Cir. 2001) (alterations, citations, and internal quotations omitted). We review the BIA's denial of a motion to reopen or reconsider for an abuse of discretion. Assa'ad v. U.S. Att'y Gen., 332 F.3d 1321, 1341 (11th Cir. 2003); Al Najjar, 257 F.3d at 1302.

We lack jurisdiction to review the BIA's July 12, 2006, order (which denied Astudillo's appeal as untimely) because she did not file a petition for review within 30 days of the July 12, 2006, order. Additionally, Astudillo has abandoned any

3

argument regarding the BIA's February 23, 2007 order (denying her motion to reopen or reconsider) because she failed in her brief to address the grounds of the February 23 order or proffer any arguments as to why the BIA erred in that order. Alternatively, we discern no reversible error in the February 23 order.

**AFFIRMED**.