[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 09, 2010
JOHN LEY
ACTING CLERK

No. 08-16469

Agency No. A097-957-354

MEIMEI XUE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

(February 9, 2010)

Before WILSON and COX, Circuit Judges, and RESTANI,[*] Judge.

PER CURIAM:

_____

[*]Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

Meimei Xue, a citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") denial of her motion to reopen based on ineffective assistance of counsel. Because the BIA failed to provide sufficient reasoning for a meaningful review, we GRANT the petition and REMAND to the BIA with instructions to reconsider Xue's motion to reopen proceedings as to her claim that ineffective assistance of counsel precluded her from establishing a well-founded fear of future persecution.

Xue entered the United States on December 11, 2004. On December 14, 2004, Xue was issued a Notice to Appear charging her with removability under Immigration and Nationality Act ("INA") § 212(a)(7)(A)(i)(I), 8 U.S.C. § 1182(a)(7)(A)(i)(I), because she did not possess valid entry documents. In April 2005, Xue appeared before an Immigration Judge ("IJ") and conceded her removability. Xue's first attorney, Liu Yu, filed an asylum application on the basis of political opinion and membership in a particular social group.

In September 2005, the IJ scheduled the merits hearing for May 2006, and ordered any original documents in support of Xue's asylum claim to be filed before December 2, 2005. In May 2006, just days before the hearing, Xue's new

attorney, Yan Wang, filed the supporting documents[1] and a new asylum application signed by Xue in September 2005, which added the basis of religious persecution.[2]

On May 15, 2006, the IJ denied Xue's applications for asylum under section 208 of the INA, withholding of removal under section 241(b)(3) of the INA, and treatment under the United Nations Convention Against Torture. The IJ afforded the supporting documents no weight due to the untimely filing and the resulting inability of the Government to authenticate them. Further, the IJ made an adverse credibility determination because Xue's testimony was inconsistent, Xue did not raise the issue of religious persecution during her initial interviews, and Xue did not live at the address she had indicated in a prior affidavit.

In March 2008, the BIA dismissed Xue's appeal and affirmed the IJ's adverse credibility finding. In April 2008, Xue timely filed a petition for review of the BIA's decision. In June 2008, Xue filed a timely motion to reopen

---

[1] This filing date is not only contrary to the IJ's September 2005 order, but it is also in violation of the Miami Immigration Court's local rules. The documents Xue sought to introduce for her merits hearing included, inter alia, a baptism certificate, six photos at a church gathering, and Nancy Wu's affidavit in support of Xue.

[2] Xue alleges that she and her family were arrested while attending church at her great-uncle's house, interrogated, beaten and detained for ten days until a fine of 10,000 RMB was paid. Upon her release, Xue learned that the police informed her school of her religious activity and consequently the school revoked her post-graduation job offer. Xue was baptized after her arrival in the United States. Xue is afraid that if she returns to China she will be imprisoned, unable to find work, and not allowed to attend church.

3

proceedings based on ineffective assistance of former counsel. Later that month, Xue filed a motion to withdraw her appeal, which this Court granted with prejudice in July 2008. In October 2008, the BIA denied Xue's motion to reopen, and Xue timely petitioned for review of this denial.

We have jurisdiction pursuant to section 242 of the INA. 8 U.S.C. § 1252. "This Court reviews the BIA's denial of a motion to reopen removal proceedings for abuse of discretion." Mejia Rodriguez v. Reno, 178 F.3d 1139, 1145 (11th Cir. 1999) (citation omitted). When a BIA decision "is devoid of any reasoning, or contains only summary or conclusory statements," the BIA has abused its discretion. Gonzalez-Mejia v. U.S. Att'y Gen. (No. 05-15906, May 30, 2006, 11th Cir.) (unpublished opinion) (per curiam) (citing Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003)) (internal quotations marks omitted). In such an instance, "the proper course . . . is to remand to the agency for additional investigation or explanation." INS v. Orlando Ventura, 537 U.S. 12, 16 (2002) (internal quotation marks and citation omitted).

In denying Xue's motion to reopen based on ineffective assistance of counsel, the BIA's entire analysis consisted of the following:

Upon careful review of the record, we conclude that the respondent has failed to show any evidence of prejudice. In this case, the Immigration Judge's denial of relief was based principally on his

4

finding that the respondent lacked credibility regarding her claim that she was persecuted in China on account of her religious activities, a finding which is not meaningfully addressed in the motion or supporting documentation. Given the Immigration Judge's finding in this regard, we find no basis to conclude that the outcome of the proceedings would have been different but for any errors the respondent attributes to her former counsel.

(R.E. 9.) We find that the BIA abused its discretion because it failed to consider, and certainly did not discuss, the evidence supporting Xue's claim of ineffective assistance of counsel with respect to her claim of a well-founded fear of future persecution. Further, judgments as to an applicant's credibility must rest on consideration of all of the evidence. See Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1287 (11th Cir. 2005). Whether late-submitted evidence is considered ultimately depends on the decision as to the ineffective assistance of counsel claim.[3] Therefore, declining to consider the ineffective assistance of counsel claim based solely on the earlier adverse credibility finding places the cart before the horse.

Accordingly, we GRANT the petition and REMAND to the BIA for

---

[3] The Government argues that there is no constitutional right to effective assistance of counsel in removal proceedings, citing Matter of Compean, Bangaly & J-E-C-, 24 I. & N. Dec. 710 (A.G. Jan. 7, 2009). The Attorney General vacated that decision in Matter of Compean, Bangaly & J-E-C-, 25 I. & N. Dec. 1 (A.G. June 3, 2009). "It is well established in this Circuit that an alien in civil deportation proceedings . . . has the constitutional right under the Fifth Amendment Due Process Clause right to a fundamentally fair hearing to effective assistance of counsel where counsel has been obtained." Dakane v. U.S. Att'y Gen., 399 F.3d 1269, 1273 (11th Cir. 2004) (per curiam) (citation omitted).

5

reconsideration of its decision to deny Xue's motion to reopen proceedings.