[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12206
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

Agency No. A088-052-197


SOVJET MAZE,
BASILIKA MAZE,

                                                            Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(January 24, 2012)

Before CARNES, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Sovjet and Basilika Maze (collectively Petitioners) seek review of the Board of Immigration Appeals' (BIA) order denying their motion to reopen and reconsider.

The Petitioners, natives and citizens of Albania, separately entered the United States as nonimmigrant visitors. While in the United States, they filed an affirmative application for asylum.[1] After they each remained beyond the expiration of their visas, the Department of Homeland Security issued notices to appear, charging them as removable. They conceded removability and filed an amended application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture (CAT).

An Immigration Judge (IJ) conducted a hearing, found that Sovjet's testimony lacked credibility and that the Petitioners had not shown they were eligible for asylum, and ordered the Petitioners removed. The Petitioners appealed to the BIA, which dismissed the appeal. The Petitioners did not file a petition for review in this court; instead, they filed a motion to reopen and reconsider before the BIA. The BIA denied the motion and the Petitioners now seek review.

---

[1] Sovjet filed an asylum application as the lead petitioner. Basilika proceeded as a derivative beneficiary of that application.

We review the BIA's decision as the final judgment, unless the BIA has expressly adopted the IJ's decision. *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007). Here, because the BIA did not expressly adopt the IJ's decision, we review the BIA's decision only. We generally review the BIA's denial of a motion to reopen for an abuse of discretion. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1145 (11th Cir. 1999). We review our subject-matter jurisdiction *de novo.* *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006). When a petitioner does not argue an issue on appeal, that issue is abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

An alien must file a petition for review within 30 days of the final order of removal. 8 U.S.C. § 1252(b)(1); *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005). A motion to reopen or reconsider does not affect the finality, and will not toll the time period to petition for review, of an underlying order of removal. *Stone v. I.N.S.*, 514 U.S. 386, 394-95 (1995).

In this case, the Petitioners did not file a timely petition for review of the BIA's order affirming the IJ's order of removal. Thus, an argument that the IJ erred by denying asylum, withholding of removal, or CAT relief is not properly before this court. Because we lack jurisdiction to review the BIA's denial of asylum and withholding of removal, we dismiss the petition with regards to those

3

claims.

As to the denial of the motion to reopen, which is the only issue before us, the Petitioners fail to raise any challenge to the BIA's denial of their motion to reopen and reconsider. Therefore, they have abandoned all claims as to that decision, and we deny the petition with regard to that order.

**PETITION DENIED IN PART, DISMISSED IN PART.**