[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10986
Non-Argument Calendar
_____

Agency No. A089-179-836

MAURIZIO FIDUCIA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(October 8, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Maurizio Fiducia has applied for adjustment of status to that of an alien lawfully admitted for permanent residence, pursuant to 8 U.S.C. § 1255(a). Although he was not entitled to a formal removal hearing, he received one. The Immigration Judge ("IJ") denied his application based on his incredible testimony about his arrest on child pornography charges. On appeal to the Board of Immigration Appeals ("BIA"), Fiducia asserted that the IJ lacked jurisdiction over his application. He also alleged that he received ineffective assistance of counsel before the IJ. The BIA denied relief, and Fiducia now seeks review of that decision. For the reasons that follow, we deny his petition for review.

## I

Fiducia, a native and citizen of Italy, entered the United States in 1999 under the Visa Waiver Program ("VWP").[1]  After he overstayed his authorization to be in the United States, the Department of Homeland Security charged him with removability in 2013. He was initially allowed to contest removability because the government mistakenly believed that he had been admitted under a B-2 tourist visa.  Nonetheless, Fiducia conceded removability. Then, in 2014, Fiducia was convicted in state court of child neglect, Fla. Stat. § 827.03(2)(d). He later conceded that conviction as an additional ground for removability.

---

[1] The Visa Waiver Program provides for nationals of certain countries who follow certain procedures to enter the United States as tourists for 90 days or less without a visa. *See generally* 8 U.S.C. § 1187 *and* 8 C.F.R. §§ 217.1–217.7. As a condition of entry, VWP entrants waive their right to contest their later removal, unless they apply for asylum. 8 U.S.C. § 1187(b)(2).

In 2016, Fiducia filed an application for adjustment of status based on his relationship to his adult daughter Federica, a naturalized U.S. citizen. *See* 8 U.S.C. § 1255(a).[2] The IJ conducted a removal hearing in which Fiducia and Federica testified. Fiducia testified that his child neglect conviction was a guilty plea he negotiated after being arrested and charged with child pornography, based on films he had downloaded to his home computer.  He testified that he did not believe he had done anything wrong, because he closed and deleted the films as soon as he realized they were pornographic; he also testified that he had downloaded some films in order to delete them so others on the internet could not view them.  But he never went to law enforcement, because he was concerned about his immigration status.

The IJ found Fiducia not credible.  It found his testimony about the events leading to his arrest and conviction "nonresponsive and internally inconsistent," and found most troubling his "conflicting and implausible explanations" about downloading and viewing the child pornography.  It also found his testimony

---

[2] The status of certain lawfully admitted aliens "may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed." 8 U.S.C. § 1255(a). Aliens who were admitted through the VWP are eligible for adjustment of status only through the petition of an immediate relative (as defined in 8 U.S.C. § 1151(b)(2)(A)(i)), or other limited exceptions. *Id.* § 1255(c)(4). *See also* 8 C.F.R. §§ 1245.1–1245.22.

inconsistent with the probable cause affidavit and his psycho-sexual evaluation in the record.  The IJ also found Federica's testimony about her own marriage and her father's arrest to be not credible.  The IJ thus found that although Fiducia was statutorily eligible for adjustment of status, he did not merit a favorable exercise of its discretion because the positive factors did not outweigh the negative factors of his criminal conduct and his unremorseful testimony about it.  Fiducia then appealed the IJ's decision.

The BIA dismissed Fiducia's appeal. It rejected Fiducia's new argument that the IJ lacked jurisdiction over him as a VWP entrant, and it found that he had not established a deprivation of due process.  It then affirmed the IJ's discretionary denial of adjustment of status, concluding that Fiducia's "continued presence in the United States is not consistent with the best interests of that [U.S.] community." The BIA also rejected Fiducia's motion to reopen his case based on a claim of ineffective assistance of counsel during his IJ proceedings, noting that he did not follow the procedural requirements to bring such a claim and concluding that he had not established prejudice from any error by his counsel.  Fiducia timely appealed the BIA's decision.

## II

Fiducia first argues that we must vacate the decisions of the BIA and IJ because the IJ lacked jurisdiction over his removal proceedings, including

4

jurisdiction to adjudicate his § 1255(a) application for adjustment of status.  If Fiducia is correct that the IJ lacked jurisdiction over his removal proceedings, we would vacate the IJ's order without considering his remaining issues on appeal.

The decision of the BIA about the jurisdiction of the IJ presents a question of law that we review *de novo*. *See Castillo-Arias v. U.S. Att'y Gen.*, 446 F.3d 1190, 1195 (11th Cir. 2006) ("To the extent that the BIA's decision was based on a legal determination, review is *de novo*."); *see also* 8 U.S.C. § 1252(a)(2)(D) (allowing judicial review of questions of law).

The IJ had jurisdiction over Fiducia's removal proceedings under 8 U.S.C. § 1229a(a)(1), which provides that, in general, "[a]n immigration judge shall conduct proceedings for deciding the inadmissibility or deportability of an alien." DHS initiated removal proceedings by filing an NTA and serving it on Fiducia under 8 C.F.R. § 1003.14(a). Had Fiducia filed his application for adjustment of status prior to the initiation of removal proceedings, a district director for U.S. Citizenship and Immigration Services would have heard the application. *Id.* § 1245.2(a)(5)(i). However, after the initiation of removal proceedings, the IJ "has exclusive jurisdiction to adjudicate any application for adjustment of status." *Id.* § 1245.2(a)(1)(i).

Fiducia argues that the IJ lacked jurisdiction over the removal proceedings— and by extension his application for adjustment of status—because he initially

5

entered the country by way of the VWP. As a condition of entry, Fiducia was required to waive his right "to contest, other than on the basis of an application for asylum, any action for [his] removal." 8 U.S.C. § 1187(b)(2). Fiducia contends that, since he waived a hearing before an IJ, the IJ lacked jurisdiction altogether.

But, while Fiducia's waiver limits his entitlement to a removal hearing before an IJ, it does not rob the IJ of jurisdiction to hold such a hearing. *See* 8 U.S.C. § 1229a(a)(1) (providing that, in general, IJs "shall conduct proceedings for deciding the inadmissibility or deportability of an alien"). And, since Fiducia's waiver did not deprive the IJ of jurisdiction over his removal proceedings, the IJ properly rendered a decision on his application for adjustment of status.

### III

Fiducia next argues that the BIA erred when it denied his motion to remand based on the ineffective assistance of his previous counsel. He challenges the BIA's findings that he failed to comply with the procedural requirements for bringing such a claim and to establish prejudice from any error by his counsel. We review only for abuse of discretion. *Gbaya v. U.S. Att'y Gen.*, 342 F.3d 1219, 1220 (11th Cir. 2003).

Our Court has approved the threshold procedural requirements that the BIA has articulated for bringing a motion to reopen based upon a claim of ineffective assistance of counsel:

> (1) that the motion be supported by an affidavit of the allegedly aggrieved respondent setting forth in detail the agreement that was entered into with counsel with respect to the actions to be taken and what representations counsel did or did not make to the respondent in this regard, (2) that counsel whose integrity or competence is being impugned be informed of the allegations leveled against him and be given an opportunity to respond, and (3) that the motion reflect whether a complaint has been filed with appropriate disciplinary authorities with respect to any violation of counsel's ethical or legal responsibilities, and if not, why not.

*Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1274 (11th Cir. 2004) (quoting *In re Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988)). A petitioner must also show prejudice: "a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Id.*

The BIA here found that Fiducia failed to meet the *Lozada* requirements when he did not file an affidavit detailing the agreement with his former counsel with respect to the actions to be taken and what representations counsel did or did not make to him in this regard.  We need not decide this issue because, even assuming Fiducia had fully complied with *Lozada*, he cannot establish prejudice from any error by his previous counsel. Even if his counsel's alleged omissions had actually resulted in his being ineligible for the discretionary relief of adjustment of status, Fiducia's "actual chances of receiving such discretionary relief are too speculative, and too far beyond the capability of judicial review, to conclude that [he] has actually suffered prejudice from being ineligible for" adjustment of status. *Mejia Rodriguez v. Reno*, 178 F.3d 1139, 1148 (11th Cir.

7

1999); *see also* 8 U.S.C. § 1255(a); *Scheerer v. U.S. Att'y Gen.*, 513 F.3d 1244, 1253 (11th Cir. 2008) (adjustment of status under § 1255(a) is discretionary relief). The BIA did not abuse its discretion when it denied Fiducia's motion to remand on this basis.

**PETITION DENIED.**