[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10997

Non-Argument Calendar

_____

NELSON RON AGTUN-ROBLERO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A206-452-820

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

The Department of Homeland Security placed Nelson Agtun-Roblero and his son Abner Agtun-Domingo, both Guatemalan nationals, in removal proceedings for entering the United States without being admitted or paroled. *See* 8 U.S.C. § 1182(a)(6)(A)(i). A presiding immigration judge consolidated their cases. In that joint proceeding, Agtun-Roblero filed an application for asylum and withholding of removal, and listed Agtun-Domingo as a beneficiary of any relief he received.[1]

The IJ denied the Agtuns relief for, among other reasons, their failure to show that they were persecuted "on account of" a protected ground—specifically, their asserted membership in a particular social group—and ordered them removed. *See id.* §§ 1101(a)(42), 1158(b)(1)(A), 1231(b)(3)(A); *see also Murugan v. U.S. Att'y Gen.*, 10 F.4th 1185, 1196 (11th Cir. 2021). The Board agreed. The Agtuns had shown that their alleged persecution by gang members was motivated by the gang's criminal intentions, nothing more. And under Board opinions like *Matter of A-B-*, mere criminal motives are not a basis for asylum or withholding of

---

[1] Agtun-Roblero also sought protection under the Convention Against Torture, but no longer pursues that relief.

21-10997                Opinion of the Court                3

removal.  27 I. & N. Dec. 316, 337, 339 (U.S. Att'y Gen. 2018).[2]  So the Board dismissed the appeal and, in doing so, made the IJ's removal order final.  8 C.F.R. § 1241.1(a).

The Agtuns did not immediately petition this Court for review of the removal order.  Instead, they asked the Board to reconsider, arguing that *Matter of A-B-* was wrongly decided and misapplied to their case.  The Board denied that request.

Only then—405 days after the removal order had become final—did the Agtuns file a petition for review.  That petition is styled as a challenge to the Board's decision denying reconsideration.  But in substance it challenges conclusions made only in the final removal order.  The Agtuns argue that their persecution was based on their membership in a number of proposed social groups, such as their family, persons opposed to gangs, and persons who refuse to sell drugs.  Yet they never challenge the application of *Matter of A-B-*.  Indeed, the Agtuns build their arguments here on *Matter A-B-*'s analytical framework.

The Agtuns thus ask us to review the underlying removal order, not the order denying reconsideration.  We cannot do as they ask, however, because they filed their petition 405 days after

---

[2] The Attorney General has since vacated this opinion.  *See Matter of A-B-*, 28 I. & N. Dec. 307, 307 (U.S. Att'y Gen. 2021).  But he instructed the Board to continue following earlier precedent, which emphasizes that a noncitizen is not eligible for asylum simply because he is a victim of criminal activity.  *See Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 235 (BIA 2014); *see also Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1310–11 (11th Cir. 2013).

the Board dismissed the appeal.  The cutoff is 30 days, and a motion for reconsideration does not toll that timeline.  *See* 8 U.S.C. § 1252(b)(1); *Stone v. I.N.S.*, 514 U.S. 386, 395 (1995).  We therefore lack jurisdiction to consider the Agtuns' petition.  *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005).

We **DISMISS** the petition.