[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13431

Non-Argument Calendar

_____

EDWIN ROBERTO GIRON-VILLATORO,

Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A094-270-497

_____

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Edwin Giron-Villatoro ("Petitioner"), a native and citizen of Honduras, petitions for review of the order of the Board of Immigration Appeals ("BIA") denying Petitioner's motion to reopen his removal proceedings. Petitioner sought reopening based on newly-available evidence for his application for relief under the Convention Against Torture ("CAT"). No reversible error has been shown; we dismiss in part and deny in part the petition.

Petitioner entered the United States in 1990 as a non-immigrant visitor for pleasure. Petitioner later became a lawful permanent resident in 2008. In 2017, Petitioner was convicted of conspiracy to distribute 5 kilograms of cocaine, in violation of 21 U.S.C. § 846. In the light of Petitioner's 2017 conviction, the Department of Homeland Security charged Petitioner as removable for having been convicted of an aggravated felony. Petitioner conceded removability.

In March 2020, Petitioner applied for deferral of removal under CAT. Briefly stated, Petitioner said he feared that, if returned to Honduras, he would be tortured by gang members with the acquiescence of the Honduran government. Petitioner returned to Honduras only one time after first arriving in the United States in 1990. During that three-day visit in 2009, Petitioner says he was

"harassed," "interrogated," and "followed" by people he later learned were members of the MS-13 gang. Petitioner says he was targeted by the gang members because he was from the United States and was, thus, perceived as wealthy. Petitioner never reported the 2009 incident to the Honduran police because he said the police "work together" with the criminal organizations. Petitioner also said his cousin was killed by gang members after his cousin was deported to Honduras in 2013.

In support of his application for relief, Petitioner submitted a declaration from a purported expert on Honduras (Dr. Vanden). During his removal hearing, Petitioner sought to have Dr. Vanden testify by telephone about the country conditions in Honduras. Dr. Vanden, however, failed to answer his phone when called twice by the Immigration Judge ("IJ") and once by Petitioner. After attempting to reach Dr. Vanden for half an hour, the IJ directed the parties to begin closing arguments. When Dr. Vanden later returned Petitioner's call, the IJ denied Petitioner's request to have Dr. Vanden testify. The IJ explained that several unsuccessful efforts had already been made to contact Dr. Vanden, that the evidence had since closed, and that closing arguments had already begun.

The IJ denied Petitioner's application for relief. The IJ determined that Petitioner had shown no past physical harm. The IJ also determined that the mere prevalence of human rights violations in Honduras was insufficient to show that Petitioner himself would more-likely-than-not be subjected to torture if returned to Honduras. The IJ concluded further that Petitioner had failed to show that

such torture would be committed by or with the acquiescence of the Honduran government.

Petitioner moved for reconsideration, arguing chiefly that the IJ's refusal to allow Dr. Vanden to testify constituted a due process violation. The IJ denied reconsideration.

Petitioner appealed administratively to the BIA. In November 2020, the BIA affirmed the IJ's decision. Petitioner sought no review of the BIA's denial of relief.

In December 2020, Petitioner moved to reopen his removal proceedings based on newly-available evidence. Petitioner said that -- while his administrative appeal was pending before the BIA -- the Federal Bureau of Investigation ("FBI") contacted Petitioner for assistance with an ongoing drug-trafficking investigation. In his motion, Petitioner provided no details about his involvement or about the nature of the investigation. Petitioner's lawyer said only that she was not yet "authorized to provide these materials," and that "the availability of these materials will be addressed in reopen proceedings." Petitioner's lawyer said that evidence about the FBI investigation was material to Petitioner's CAT claim because the gangs in Honduras would now target Petitioner for cooperating with the FBI. Petitioner asserted that it would be "worthwhile to develop the issue further in a full evidentiary hearing."

In September 2021, the BIA denied Petitioner's motion to reopen. The BIA concluded that no reopening was warranted because Petitioner had "failed to submit any new evidence to show

that the outcome of this case would likely be different if proceedings were reopened." This appeal followed.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Jiang v. U.S. Att'y Gen.*, 568 F.3d 1252, 1256 (11th Cir. 2009). "Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner." *Id.* "Motions to reopen in removal proceedings are particularly disfavored." *Id.*

A motion to reopen immigration proceedings "shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). The BIA "may grant a motion to reopen only if, among other things, the 'evidence sought to be offered is material.'" *Dos Santos v. U.S. Att'y Gen.*, 982 F.3d 1315, 1323 (11th Cir. 2020) (citing 8 C.F.R. § 1003.2(c)(1)). An applicant "who attempts to show that the evidence is material bears a heavy burden and must present evidence that demonstrates that, if the proceedings were opened, the new evidence would likely change the result in the case." *Jiang*, 568 F.3d at 1256-57.

The BIA abused no discretion in denying Petitioner's motion to reopen. Contrary to Petitioner's assertion, the BIA summarized properly the "evidence" presented by Petitioner in his motion: statements by Petitioner's lawyer that the FBI had contacted Petitioner for information about an ongoing investigation and that materials related to the investigation would be submitted in the

6                    Opinion of the Court                 21-13431

reopened proceedings.   Although Petitioner's motion indicated that new potential evidence might exist, Petitioner provided no new facts and offered no affidavits or other evidentiary material in support of his motion.  The broad assertions made by Petitioner's lawyer that further details about the FBI investigation would become available at some unidentified future date and would be more fully developed at an evidentiary hearing fail to satisfy the evidentiary requirements governing motions to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1).  Petitioner also asserts generally (with no supporting affidavit or other evidence) that his cooperation with the FBI would make it more likely that he would be targeted by Honduran gangs.  Even if Petitioner's assertion might be true, that assertion constitutes no evidence demonstrating that Petitioner more-likely-than-not would be subjected to harm constituting torture or that such torture would be committed by, or with the acquiescence of, the Honduran government.  Petitioner has thus failed to satisfy the "heavy burden" of presenting new evidence that would likely change the outcome of his removal proceedings.  Accordingly, we deny Petitioner's petition for review on this issue.

Petitioner also seeks to challenge the IJ's refusal to allow Dr. Vanden to testify during Petitioner's removal hearing.  Petitioner, however, never petitioned for review of the BIA's November 2020 order affirming the IJ's denial of CAT relief.  And the petition for review underlying this appeal -- filed in October 2021 -- was filed long after the deadline for seeking review of the November 2020

21-13431            Opinion of the Court                    7

decision had expired. *See* 8 U.S.C. § 1252(b)(1) (providing that a petition for review of an order of removal must be filed within "30 days after the date of the final order of removal"). We thus lack jurisdiction to consider Petitioner's challenge to his original removal proceedings; we dismiss the petition on that issue. *See Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1272 n.3 (11th Cir. 2005) ("[T]he statutory limit for filing a petition for review in an immigration proceeding is 'mandatory and jurisdictional,' [and] is not subject to equitable tolling." (citing *Stone v. I.N.S.*, 514 U.S. 386, 405 (1995))).

PETITION DISMISSED IN PART AND DENIED IN PART.