[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13115

Non-Argument Calendar

_____

MARIA LETICIA GONZALEZ-ALONZO,
NORMAN MIGUEL FLORES-GONZALEZ,
JORGE LUIS FLORES-GONZALEZ,
ARIEL SAID FLORES-GONZALEZ,

                                                    Petitioners,

*versus*

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
Agency No. A202-027-102

_____

Before JORDAN, NEWSOM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Maria Gonzalez-Alonzo and her three children, Norman, Jorge, and Ariel ("Petitioners"), petition for review of the order by the Board of Immigration Appeals ("BIA") denying Petitioners' claim of ineffective assistance of counsel.[1]  No reversible error has been shown; we deny the petition.

Petitioners, natives and citizens of Honduras, entered the United States in June 2014, without admission or inspection.  Petitioners were charged as removable and later conceded removability.

In September 2016, Petitioners applied for asylum, for withholding of removal, and for relief under the Convention Against

_____

[1] In the same order, the BIA also affirmed the Immigration Judge's decision denying Petitioners' applications for asylum, for withholding of removal, and for relief under the Convention Against Torture.  On appeal, Petitioners abandon expressly any challenge to the IJ's and the BIA's merits-based denial of their applications for relief.

Torture ("CAT").[2]  Petitioners sought relief based on membership in a particular social group identified as "Honduran mother of millennial boys" or "Honduran mother of millennial boys who have been solicited for recruitment by criminal organizations."

Briefly stated, Petitioners sought relief based on their fear of future persecution by gang members who wanted to recruit Maria's two teenaged sons, Norman and Jorge.  At the removal hearing, Maria testified that the gang tried to recruit Norman and Jorge to deliver packages of drugs.  Norman then testified that he and Jorge were targeted by gang members because -- as members of the Church of Jesus Christ of Latter-Day Saintes -- he and his brother dressed nicely and would not be stopped by the police.  At the end of the hearing, Petitioners' lawyer moved to amend the asylum applications filed by Norman and by Jorge to include "religion" as a basis for persecution.  The Immigration Judge ("IJ") granted the motion.

The IJ denied Petitioners' applications for relief.  The IJ found no nexus between Petitioners' mistreatment by gang members and a protected ground.  The IJ explained that the gang members wanted to recruit Norman and Jorge to enhance their ranks and to further the gang's criminal enterprise.  That Norman and

---

[2] The September 2016 application listed Maria as the lead petitioner and listed Norman, Jorge, and Ariel as riders.  Norman, Jorge, and Ariel later filed their own individual applications for asylum, for withholding of removal, and for CAT relief.

Jorge were church members and were dressed in a certain way because they were going to church was "incidental" to the gang's motivations, not the "main reason or even one of the main reasons" why the gang targeted Norman and Jorge.

Petitioners appealed to the BIA. In pertinent part, Petitioners argued that their lawyer rendered ineffective assistance by failing to file an asylum application within the one-year deadline and by failing to present adequately Petitioners' religion-based claims for relief.

The BIA adopted and affirmed the IJ's decision denying Petitioners asylum, withholding of removal, and CAT relief. The BIA then rejected Petitioners' ineffective-assistance-of-counsel claim. The BIA determined that Petitioners failed to show prejudice resulting from their lawyer's purported errors.

We review only the decision of the BIA, except to the extent the BIA adopts expressly the IJ's decision. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016). We review *de novo* the BIA's legal conclusions. *See id.* We review fact determinations under the "highly deferential substantial evidence test" whereby we "must affirm the BIA's decision if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *See Adefemi v. Ashcroft*, 386 F.3d 1022, 1026-27 (11th Cir. 2004) (*en banc*).

While applicants in civil removal proceedings have no Sixth Amendment right to counsel, applicants who have retained

counsel are entitled to effective assistance of that counsel under the Fifth Amendment's Due Process Clause. *Dakane v. U.S. Att'y Gen.*, 399 F.3d 1269, 1273 (11th Cir. 2004). To establish ineffective assistance of counsel, an applicant must show that his lawyer's performance "was deficient to the point that it impinged upon the fundamental fairness of the hearing such that the [applicant] was unable to reasonably present his . . . case." *Id.* at 1274.

The applicant must also demonstrate that his lawyer's deficient performance prejudiced his case. *Id.* To demonstrate prejudice, the applicant must show that his lawyer's performance was "so inadequate that there is a reasonable probability that but for the attorney's error, the outcome of the proceedings would have been different." *Sow v. U.S. Att'y Gen.*, 949 F.3d 1312, 1318 (11th Cir. 2020); *Dakane*, 399 F.3d at 1274. An applicant can establish prejudice by making a *prima facie* showing that he was eligible for the relief sought. *See Dakane*, 399 F.3d at 1274-75.

The record supports the BIA's determination that Petitioners failed to show that they were prejudiced by their lawyer's failure to file timely an asylum application. Although the IJ questioned the timeliness of Petitioners' asylum application, the IJ made no finding on timeliness. Instead, the IJ heard testimony and considered the evidence introduced in support of Petitioners' asylum claim. The IJ then denied Petitioners' asylum claim on the merits.

Petitioners also contend that their lawyer performed deficiently by failing to assert Petitioners' religion-based claim earlier in the removal proceedings. As a result, Petitioners say their

lawyer failed to develop adequately the evidence and argument supporting that claim.  Petitioners, however, have identified no additional evidence or testimony that (if introduced) would have likely changed the IJ's determination that the gang's recruitment efforts were not motivated by Petitioners' religion.  The record supports the BIA's determination that Petitioners showed no reasonable probability that -- but for their lawyer's alleged deficient performance -- they would have prevailed on their religion-based asylum claim.

Petitioners have demonstrated no prejudice resulting from their lawyer's alleged deficient performance.  We deny the petition.

PETITION DENIED.